(779 P.2d 41)
No. 63,420

CITY OF WICHITA, *Appellant,* v. EMPLOYMENT SECURITY BOARD, *Appellee.*

—

Opinion filed September 8, 1989.

*Ed L. Randels,* assistant city attorney, and *Thomas R. Powell,* city attorney, for appellant.

*James R. McEntire,* of Topeka, for appellee.

Before REES, P.J., BRAZIL and GERNON, JJ.

BRAZIL, J.: The City of Wichita (City) appeals a decision by the district court upholding an Employment Security Board of Review (Board) finding that Willie J. Kelly is entitled to unemployment benefits after his employment was terminated.

Kelly was employed by the City as a sewer maintenance worker. After several years of service, his employment was terminated because, according to the City, Kelly drank some beer while at work and had a history of absenteeism. Kelly was initially denied unemployment compensation pursuant to K.S.A. 1988 Supp. 44-706(b) because the examiner found he was discharged for misconduct connected with work. Kelly appealed to the referee.

Kelly and his supervisor Gerald Blain appeared at a hearing before the referee. Blain testified that the City personnel rules prohibit possession or use of alcohol during working hours. Blain testified that he received information that employees had been drinking on the job site. When Blain questioned Kelly about the

incident, Kelly admitted sharing a cup of beer with a co-worker while on the job. Blain requested Kelly to sign a statement admitting he had been drinking at work. Kelly testified that he signed the statement because Blain assured him the statement would not be used against him.

The referee concluded that Kelly had one sip of beer from a cup of a co-worker and that the incident could not be considered use of alcohol under the City's rule which states that "[e]mployees may be dismissed for any legitimate business reason, including . . . use, sale, possession or being under the influence of alcohol or drugs during working hours." The referee held Kelly is eligible for benefits.

The City appealed to the Board. The Board adopted the findings of fact and opinion of the referee and affirmed the referee's decision. The City appealed to the district court, which found that the record contains substantial evidence to support the findings of the Board and affirmed the Board's decision.

I. The scope of review.

The scope of review of an administrative proceeding is well known:

" 'A district court may not, on appeal, substitute its judgment for that of an administrative tribunal, but is restricted to considering whether, as a matter of law, (1) the tribunal acted fraudulently, arbitrarily or capriciously, (2) the administrative order is substantially supported by evidence, and (3) the tribunal's action was within the scope of its authority.

" 'In reviewing a district court's judgment, as above, this court will, in the first instance, for the purpose of determining whether the district court observed the requirements and restrictions placed upon it, make the same review of the administrative tribunal's action as does the district court.' " *Board of Johnson County Comm'rs v. J.A. Peterson Co.*, 239 Kan. 112, 114, 716 P.2d 188 (1986) (quoting *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, Syl. ¶¶ 1, 2, 436 P.2d 828 [1968]).

K.S.A. 77-621(c)(4) additionally provides that the court shall grant relief if it determines that the agency erroneously interpreted or applied the law. In *Barnes v. Employment Security Board of Review*, 210 Kan. 664, Syl. ¶¶ 4, 5, 6, 504 P.2d 591 (1972), the court stated:

"Judicial review of evidentiary matters before the Employment Security Board of Review is made in the light most favorable to the findings of the administrative tribunal."

"The findings of the Employment Security Board of Review as to the facts, if supported by evidence and in the absence of fraud, are conclusive and may not be set aside by the district court."

"While a court sitting as a Board of Review might have reached a different conclusion on conflicting evidence, or in determining a preponderance of the evidence, it is, nevertheless, bound to uphold the findings of the board if there is relevant evidence before the board to support its findings."

Finally, the claimant is entitled to a liberal interpretation of the law. *Goodyear Tire & Rubber Co. v. Employment Security Board of Review*, 205 Kan. 279, 283, 469 P.2d 263 (1970). This court must determine whether the findings of fact of the Board are supported by substantial competent evidence and whether, in view of the facts, the Board properly interpreted the law.

II. Misconduct as defined by K.S.A. 1988 Supp. 44-706(b).

The Board found that Kelly had one sip of beer and that his one sip of beer did not constitute a violation of the employer's rules and, consequently, did not constitute misconduct as defined by K.S.A. 1988 Supp. 44-706(b). The Board concluded Kelly was eligible for benefits. The City argues that the Board improperly interpreted the law in arriving at this decision.

K.S.A. 1988 Supp. 44-706(b) governs the receipt of unemployment benefits. The statute provides that an individual is disqualified from receiving benefits until after the claimant has earned three times the weekly benefit amount in new employment if the individual was discharged for misconduct connected with the work. The statute states:

"(1) For the purposes of this subsection (b), 'misconduct' is defined as a violation of a duty or obligation reasonably owed the employer as a condition of employment. In order to sustain a finding that such a duty or obligation has been violated, the facts must show: (A) Willful and intentional action which is substantially adverse to the employer's interests, or (B) carelessness or negligence of such degree or recurrence as to show wrongful intent or evil design. . . .

"(2) An individual shall not be disqualified under this subsection (b) if the individual is discharged under the following circumstances:

. . . .

(B) the individual was making a good-faith effort to do the assigned work but was discharged due to: (i) Inefficiency, (ii) unsatisfactory performance due to inability, incapacity or lack of training or experience, (iii) isolated instances of ordinary negligence or inadvertence, (iv) good-faith errors in judgment or discretion, or (v) unsatisfactory work or conduct due to circumstances beyond the individual's control."

Substantial evidence exists to support the Board's finding that Kelly had one sip of beer. Kelly testified that he had one sip of beer from someone else's cup. The City argued Kelly drank more beer but did not submit any evidence to substantiate the claim.

Accordingly, we conclude that Kelly had one sip of beer and limit our review not to whether Kelly's action constituted a violation of his employer's rules but whether it constituted misconduct under K.S.A. 1988 Supp. 44-706(b), thus disqualifying him from unemployment compensation.

The question of whether a violation of an employer's rule constitutes misconduct has not been decided in Kansas. Several other states have dealt with this issue. See *Beaty v. City of Idaho Falls*, 110 Idaho 891, 719 P.2d 1151 (1986); *Hall v. Employment Division*, 31 Or. App. 79, 569 P.2d 699 (1977). The analysis of the other state courts focuses on whether the employee's action constitutes "misconduct," not whether the employer's rule has been violated. In *Beaty*, the claimant was discharged from his job as a garbage collector after being arrested for possession of stolen property and of marijuana. The claimant violated a city rule prohibiting employees from committing felonies. The Department of Employment awarded the claimant unemployment compensation, finding that he was not discharged for misconduct in connection with his employment. 110 Idaho at 892. The Idaho court upheld the award of benefits stating:

"The issue is not whether the city had reasonable grounds for discharging Beaty, but rather whether those grounds constituted 'misconduct' in connection with Beaty's employment such that he can be denied unemployment benefits. The two issues are separate and distinct, and we reject the city's tacit invitation to hold that any discharge that is reasonably based on the employer's own rules will always result in a denial of the discharged employee's unemployment benefits." 110 Idaho at 892.

The court concluded:

"It is well established that a violation of an employer's rule is *not* per se misconduct such as to disqualify a claimant from receiving unemployment benefits. [*Simmons v. Department of Employment*, 99 Idaho 290, 292, 581 P.2d 336 (1978).] Rather, there must be a deliberate and intentional violation of the spirit of the rule by the claimant. [99 Idaho at 292; *Wroble v. Bonners Ferry Ranger Station*, 97 Idaho 900, 902, 556 P.2d 859 (1976).] In *Wroble*, this Court said

'We do not perceive the legislative intent in enacting I.C. § 72-1366(e) . . . [was] to require that any violation of *any* rule of an employer will, per se, constitute misconduct such as will result in the denial of unemployment compensation benefits upon discharge. While an employer may make almost *any* kind of a rule for the conduct of his employees and under some circumstances may be able to discharge an employee for violation of *any* rule, such does not, per se, amount to "misconduct" constituting a bar to unemployment compensation benefits.' [97 Idaho at 902.]

Here, there is no evidence of a deliberate violation of the specific rule at issue, or the spirit of the city's rules of conduct generally, such that Beaty's off-duty conduct would amount to 'misconduct' constituting a bar to unemployment benefits. I.C. § 72-1366(e)." 110 Idaho at 893.

Here, the City relies on *Washington v. Un. Comp. Bd. of Rev.*, 105 Pa. Commw. 215, 523 A.2d 1196 (1987), in which the claimant was discharged for failure to report to duty and possession of intoxicating liquors in violation of the employer's rules. In *Washington*, the court found substantial evidence existed to uphold the Unemployment Compensation Board of Review decision to deny the claimant benefits because he was discharged for willful misconduct.

In this case, the Board awarded Kelly benefits. The district court upheld the decision of the Board and found that having one sip of beer does not constitute misconduct as defined in K.S.A. 1988 Supp. 44-706(b). The facts of this case indicate that Kelly's action was not substantially adverse to the City's interests and did not amount to negligence of such degree as to show wrongful intent or evil design. The facts of this case may more properly be viewed as an isolated instance of ordinary negligence. Substantial evidence exists to support the Board's finding that Kelly is entitled to unemployment compensation.

III. Weight of the evidence.

The City argues that the district court and the Board unreasonably ignored the weight of the evidence. This argument is unsupported by the record.

A review of the hearing transcript indicates that the City was allowed to present evidence pertaining to Kelly's discharge including testimony about his attendance problems and hearsay that Kelly used a city vehicle to purchase beer and gin from a liquor store. The City was given ample opportunity to present its evidence before the referee regarding Kelly's termination.

The City is asking this court to improperly reweigh the evidence presented at the agency hearing, something this court must refrain from doing. The decision of the Board is supported by substantial competent evidence and must accordingly be upheld.

Affirmed.