(951 P.2d 546)

No. 77,899

PALMER NEWS, INC., a Kansas corporation, *Appellee,* v. KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW, *Respondent,* and TROY HARRISON, *Appellant.*

Opinion filed December 24, 1997.

*Mike Broemmel,* of Topeka, for appellant.

*Richard F. Hayse* and *Dennis M. Feeney,* of Morris, Laing, Evans, Brock & Kennedy, Chtd., of Topeka, for appellee.

Before ROYSE, P.J., ELLIOTT, J., and BARRY A. BENNINGTON, District Judge, assigned.

ELLIOTT, J.: Troy Harrison appeals the trial court's reversal of the Kansas Employment Security Board of Review's (Board) determination that he was eligible for unemployment benefits.

We affirm.

Harrison was an employee of Palmer News, Inc., (Palmer News). On June 21, 1995, Harrison orally informed the general manager and the president of Palmer News that he intended to resign his position as of August 31, 1995. On July 26, Harrison was told his services were no longer needed and he was to stop work immediately. On July 27, Palmer News reclaimed possession of the company car, which Harrison (like other employees) had freely used for both personal and company business. Harrison requested the balance of his pay through August 31 in a lump sum, which Palmer News paid on August 1.

Harrison then applied for unemployment benefits. The Department of Human Resources examiner found Harrison had been terminated and thus was eligible for unemployment benefits. On

appeal by Palmer News, the referee for the Department of Human Resources modified the examiner's decision by ruling Harrison had been involuntarily terminated on July 27 rather than August 31. The Board affirmed the referee's decision.

On judicial review, the trial court reversed the Board, holding Harrison voluntarily relinquished employment and was therefore ineligible for unemployment benefits.

An appellate court may substitute its judgment for that of an administrative agency on questions of law. *National Gypsum Co. v. Kansas Employment Security Bd. of Review*, 244 Kan. 678, 682, 772 P.2d 786 (1989). The appellate court must determine whether the factual findings of the Board are supported by substantial competent evidence and whether, in view of the facts, the Board properly interpreted the law. *City of Wichita v. Employment Security Bd.*, 13 Kan. App. 2d 729, 731, 779 P.2d 41 (1989).

It seems undisputed that Harrison tendered his resignation effective August 31; that Palmer News told Harrison he was not to carry out any job duties commencing July 27; and that Harrison engaged in no misconduct connected with his work. It further seems undisputed that Harrison requested his last salary payments in a lump sum.

K.S.A. 1996 Supp. 44-706 provides that an individual is disqualified for unemployment benefits if the individual leaves work voluntarily without good cause attributable to the work or the employer. The statute lists 11 exceptions, but none is relevant here.

Harrison claims that he was terminated prior to the effective date of his voluntary resignation, that the check he received was severance pay as opposed to front pay, and that termination of his company car privileges is evidence he was involuntarily terminated. We disagree.

Here, the Board misapplied language of K.S.A. 1996 Supp. 44-704, regarding benefit calculations, to the *eligibility* requirements of 44-706. It would be unreasonable for us to hold that, whenever an employer advances a salary or takes away an incidental benefit, the employee is involuntarily terminated and eligible for unemployment benefits. It is undisputed that Harrison requested his salary in a lump sum, and the amount paid was identical to the

salary he would have received had he continued to work. The lump sum payment was clearly salary and not payment of some other character. Further, taking the company car was, at most, a unilateral withdrawal of an incidental benefit; it was not tantamount to involuntary termination.

Kansas courts have not addressed this issue, but the Washington Supreme Court has. In *Safeco Ins. Co. v. Meyering*, 102 Wash. 2d 385, 394, 687 P.2d 195 (1984), the court held that "when an employee voluntarily submits her resignation and gives notice, if the employer accepts that resignation but pays the employee for the notice period and tells the employee not to show up for the notice period, that job separation is a voluntary quit." A contrary result, said the court, would be "inconsistent with the policy of the act that benefits be awarded to those unemployed through no fault of their own." 102 Wash. 2d at 394.

We adopt the reasoning of the Washington court.

The purpose of our employment security law is to prevent economic insecurity resulting from *involuntary* unemployment. See K.S.A. 44-702. In the present case, Harrison received salary to the effective date of his voluntary resignation, and he suffered no economic harm from early removal from his job duties. The trial court properly ruled he was ineligible for unemployment benefits.

Affirmed.