(959 P.2d 918)
No. 79,068

ALICIA CABRERA, *Claimant/Appellant*, v. CASCO, INC., and LIBERTY MUTUAL INSURANCE COMPANY, *Respondent and Insurance Carrier/Appellees*.

Opinion filed May 22, 1998.

*Joseph Seiwert*, of Snider & Seiwert, L.L.C., of Wichita, for appellant.

*Douglas D. Johnson*, of Johnson, Kennedy, Dahl & Willis, of Wichita, for appellees.

Before ROYSE, P.J., RULON, J., and JOHN J. BUKATY, JR., District Judge, assigned.

RULON, J.: Claimant Alicia Cabrera appeals the Workers Compensation Board's (Board) decision reducing her work disability award. We affirm.

Essentially, we must decide if respondent Casco, Inc.'s belated offer of accommodated employment was effective.

The facts are not complicated and are as follows:

Claimant was injured on the job and her last day of work was May 18, 1995. She was released to return to work in August 1995, but respondent dismissed her because it could not accommodate her restrictions. In April 1996, respondent offered claimant an accommodated position but claimant did not respond to the offer. On September 20, 1996, the administrative law judge (ALJ) awarded claimant a 30% permanent partial general disability. Claimant requested review of the award by the Workers Compensation Board. On April 22, 1997, the Board awarded claimant a 65% work disability for the period from August 25, 1995, through

April 7, 1996. The Board awarded claimant only an 11% whole body functional impairment rating for the period commencing April 8, 1996, finding that claimant was not entitled to a work disability award for that period because claimant had refused an accommodated position.

## STANDARD OF REVIEW

Appellate review of agency actions is limited to questions of law. The determination of whether the Board's findings of fact are supported by substantial competent evidence is a question of law. *Gleason v. Samaritan Home*, 260 Kan. 970, Syl. ¶ 1, 926 P.2d 1349 (1996). "In workers compensation cases, substantial evidence is evidence possessing something of substance and relevant consequence, and carrying with it fitness to induce conviction that the award is proper, or furnishing substantial basis of fact from which the issue tendered can be reasonably resolved." *Gleason*, 260 Kan. 970, Syl. ¶ 2. This court does not reweigh the evidence or determine the credibility of a witness' testimony. *Guerrero v. Dold Foods, Inc.*, 22 Kan. App. 2d 53, 56, 913 P.2d 612 (1995) (citing *City of Wichita v. Employment Security Bd.*, 13 Kan. App. 2d 729, 733, 779 P.2d 41 [1989]).

## ACCOMMODATED EMPLOYMENT

In August 1995 respondent terminated claimant, telling her that it could not accommodate her work restrictions. But in April 1996, respondent offered claimant an accommodated position. The accommodated position consisted of claimant's previous position with accommodations. The ALJ found that respondent's offer of an accommodated position was not made in good faith, but the Board found the offer was made in good faith. As we understand, claimant argues the respondent's delay in returning claimant to an accommodated work position should nullify the expressed provisions found in K.S.A. 44-510e(a). According to claimant, the respondent's delay of offering an accommodated position should deny respondent the benefit of ultimately inviting the claimant to return to work in an accommodated position and comparably paying employment.

On the other hand, the respondent argues claimant overlooks the "so called" sanction already visited upon respondent by the delay in returning claimant to an accommodated position. In other words, according to respondent, because of respondent's delay in affirmatively offering claimant an accommodated position, respondent must pay weekly work disability benefits to claimant instead of weekly benefits based upon the stipulated impairment of function rating.

Under the facts presented, we conclude that respondent, although belatedly, sought to return claimant to work in an accommodated and comparably paying position, and by doing so respondent followed the legislatively encouraged procedure. By offering an accommodated position, which was refused by claimant, respondent under K.S.A. 44-510e(a) is obligated only to pay claimant the stipulated impairment rating because claimant could have been earning comparable wages in addition to ongoing weekly benefits. Arguably, both claimant and respondent would have been better served if a more timely offer of accommodated work had been forthcoming.

Affirmed.