534 P.2d 464

Sammy E. TACKETT, Claimant-Appellant,

v.

CONTINENTAL COLLEGE OF BEAUTY,
Employer, and Department of Employ-
ment, Defendants-Respondents.

No. 11715.

Supreme Court of Idaho.

April 16, 1975.

Ernesto G. Sanchez, Idaho Legal Aid
Services, Inc., Caldwell, for plaintiff-appel-
lant.

Wayne L. Kidwell, Atty. Gen., R. LaVar
Marsh, Raymond N. Malouf, Asst. Attys.
Gen., Boise, for defendants-respondents.

McQUADE, Chief Justice.

Sammy E. Tackett (hereinafter claim-
ant) has brought this appeal from an order
of the Industrial Commission (hereinafter
Commission) which denied his claim for
unemployment insurance benefits. We re-
verse the order of the Commission.

Claimant's usual occupation is that of a bookkeeper. He was hired by A. B. Parker to perform bookkeeping duties for several of Parker's enterprises. Although he performed his duties in connection with the various enterprises, claimant was treated as an employee of one corporate entity, M & P Incorporated, doing business as Hollywood Beauty College. Parker sold this corporation along with another enterprise (both beauty salons) to Larry Hicks, effective date of sale being January 1, 1974. Hicks assumed the experience rating record of his predecessor for the purpose of determining liability for unemployment insurance taxes at the time of the acquisitions. Hicks also changed the name of the Hollywood Beauty College to the Continental College of Beauty at that time. For the purposes of this appeal Continental College of Beauty is referred to as the employer because of the proposed action of the State Department of Employment in charging Continental's experience rating with this claim.

After the sale became effective, claimant continued to work for Parker to help complete the latter's books so as to facilitate the transfer of the two enterprises to Hicks. Claimant was laid off by Parker on February 2, 1974, when Parker decided to turn his remaining books over to a public accountant.

Claimant filed a claim for unemployment insurance benefits on February 15, 1974, effective February 10, 1974. He was initially declared eligible for benefits because it was determined that he was laid off from his employment due to lack of work. The employer whose experience rating would be affected, protested. A redetermination was issued on March 22, 1974, affirming the previous determination. Upon further protest by the employer, the case was submitted to the Appeals Examiner. On May 13, 1974, after a hearing was held, the Appeals Examiner affirmed the previous determination. The employer appeal-

ed to the Commission. The Commission reversed the earlier decision. It found that Hicks in conversations between December 15, 1973 and January 15, 1974, intended to offer claimant continued employment, but that claimant frustrated this offer of employment by insulting remarks, and that therefore no job offer was actually made. Therefore, it concluded that claimant was ineligible for benefits because he had failed to apply for suitable work and failed to exercise his best efforts to remain employed as required under I.C. § 72–1366(g). It is from that order that this appeal was taken.

Although appellant makes five assignments of error, the essence of his argument is that the Commission misconstrued and misapplied I.C. 72–1366(g) to his claim for unemployment insurance benefits. We find merit in this argument.

I.C. 72–1366(g) sets forth one of the personal eligibility conditions of a claimant for unemployment insurance benefits. It provides in pertinent part:

"The personal eligibility conditions of a benefit claimant are that—

"(g) His unemployment is not due to his failure without good cause to apply for available suitable work as directed by a representative of the director or to accept suitable work when offered to him, * * *"

We construe this provision to require a specific offer of employment to be tendered to a prospective employee before it can be concluded that there has been a failure by the employee to accept suitable work when offered.[1] The Commission concluded that no job offer was actually tendered to the claimant by the employer during the conversation that occurred between December 15, 1973 and January 15, 1974. This conclusion is supported by substantial and competent evidence. Since no offer of employment was made to the

1. *See* Kartridg-Pak Co. v. Johnston, 28 Ill.2d 616, 192 N.E.2d 867 (1963), Jackson v. Review Board of Indiana E.S.D., 124 Ind.App. 648, 120 N.E.2d 413 (1954).

claimant before or after he was involuntarily laid off, the Commission should have found him eligible for unemployment insurance benefits under I.C. § 72–1366(g).

Judgment reversed.

Costs to appellant.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

BAKES, Justice (concurring specially):

I concur in the opinion of Chief Justice McQUADE. However, in addition to the reason set out in that opinion the Order of the Industrial Commission should be reversed for the following additional reason.

■ The claimant, Tackett, was employed by A. B. Parker, through February 2, 1974, at which time Parker terminated the employment because of Parker's desire to turn his remaining books over to a public accountant. The fact that during December, 1973, and early January, 1974, the purchaser of one of Parker's enterprises, Mr. Hicks, had considered offering the claimant a job with him is immaterial. Even if Hicks had formally made an offer of employment, claimant would have been under no obligation to accept that employment since he was already employed by A. B. Parker and there is nothing in the record but supposition that the claimant knew his employment with A. B. Parker would subsequently be terminated as a result of Parker's reduced accounting needs caused by the sale of the Hollywood Beauty College.

When Parker terminated claimant's employment on February 2, 1974, claimant then became eligible for unemployment insurance benefits. Even though Hicks assumed the experience rating of A. B. Parker's prior incorporated Hollywood Beauty College when he purchased it, under the statutory scheme for unemployment insurance benefits in Idaho the claimant was an employee of A. B. Parker, on his payroll on February 2, 1974, when he was terminated, at which time claimant became eligible for unemployment benefits irrespective of the department's policy or predilection as to whose experince rating should be charged as the result of the compensation paid for that unemployment.

McFADDEN and SHEPARD, JJ., concur.