869 P.2d 1374

**Judith N. LAUNDRY, SSN: 536–42–4970, Claimant–Respondent,**

v.

**FRANCISCAN HEALTH CARE CENTER, Employer, Defendant–Appellant,**

and

**State of Idaho, Department of Employment, Defendant–Respondent.**

No. 20278.

Supreme Court of Idaho, Boise, December 1993 Term.

March 14, 1994.

Roger B. Madsen, Boise, for appellant.

Stephen B. McCrea, Coeur d'Alene, for respondent Laundry.

Larry EchoHawk, Atty. Gen., and John C. Hummel, Deputy Atty. Gen., Boise, for respondent Department of Employment. John C. Hummel argued.

McDEVITT, Chief Justice.

Appellant, Franciscan Health Care Center ("Franciscan"), appeals an order of the Industrial Commission awarding respondent, Judith N. Laundry ("Laundry"), unemployment benefits. Franciscan contends that Laundry is not entitled to any benefits because she voluntarily quit her job with Franciscan and failed to show good cause for refusing Franciscan's offer of alternative employment. The Commission found that Laundry was terminated, but not for misconduct, and that Franciscan failed to adequately show that it offered Laundry alternative employment. We *reverse.*

## BACKGROUND

Laundry worked for appellant Franciscan as the Director of Nursing from June 5, 1985 until August 7, 1991. Observing that Laundry was having difficulty supervising the employees under her direction, Laundry's supervisor, Nani Spohn ("Spohn"), attempted unsuccessfully on several occasions to help Laundry rectify the situation. Spohn did not feel that Laundry intentionally performed poorly, but simply lacked the ability to do better. Spohn met with Laundry on July 6, 1991, to discuss Spohn's concern over Laundry's poor supervisory skills. At the meeting, Spohn suggested that Laundry take a position as a staff nurse. Laundry refused. Subsequently, on August 7, 1991, Spohn met with Laundry and informed her that she would no longer be the Director of Nursing and that, following a three week vacation, Laundry was to return as a staff nurse. Laundry became upset and left the meeting, asking for a written explanation of the terms of her discharge. Spohn immediately executed the written notice, which notice did not contain the offer of a staff nursing position. Nor did Spohn discuss the particulars of the offer of a staff nurse position with Laundry before Laundry left the meeting.

Laundry sought unemployment compensation from the Idaho Department of Employment following the termination of her employment as the Director of Nursing. Franciscan opposed any payment of compensation. After conducting a telephonic hearing on the matter, the claims examiner denied Laundry's claim on September 4, 1991. Following a reexamination of the claim by another claims examiner who also denied the claim, Laundry appealed the claim to an appeals examiner. The appeals examiner also denied the claim on November 8, 1991, finding that Laundry had been discharged, not for misconduct, but had failed, without good cause, to accept suitable available employment. On appeal, the Commission, with-

out an additional hearing, affirmed the appeals examiner's decision as to the misconduct issue, but reversed the decision as to the alternative suitable employment issue. The Commission, in its decision dated September 10, 1992, ruled that Laundry was eligible for unemployment benefits. Franciscan appeals the order of the Commission.

This Court addresses the following issues on appeal:

    I.    Whether the Commission erred in ruling that Laundry was involuntarily terminated, but not for misconduct, as the Director of Nursing at Franciscan.

    II.    Whether the Commission erred in ruling that Laundry was not offered alternative employment.

    III.    Whether Laundry is entitled to attorney fees on appeal.

## STANDARD OF REVIEW

■■■ The standard of review for appeals from the Industrial Commission is two-fold. While this Court will exercise free review over the Commission's legal conclusions, Idaho Const. art. V, § 9; *Spruell v. Allied Meadows Corp.*, 117 Idaho 277, 278, 787 P.2d 263, 264 (1990), it will not disturb the Commission's factual findings if they are supported by substantial and competent evidence. *Spruell,* 117 Idaho at 278, 787 P.2d at 264; *Booth v. City of Burley,* 99 Idaho 229, 232, 580 P.2d 75, 78 (1978).[1] Substantial evidence in the context of a review of the proceedings of an administrative tribunal consists of such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Idaho State Ins. Fund v. Hunnicutt,* 110 Idaho 257, 260, 715 P.2d 927, 930 (1985) (citing *Local 1494 Int'l Assoc. of Firefighters v. City of Coeur d'Alene,* 99 Idaho 630, 586 P.2d 1346 (1978)).

## ANALYSIS

### I.

### THE COMMISSION DID NOT ERR IN RULING THAT RESPONDENT LAUNDRY WAS TERMINATED, BUT NOT FOR CAUSE, AS THE DIRECTOR OF NURSING AT FRANCISCAN

■■■ Franciscan asserts that Laundry became voluntarily unemployed when she refused to accept the position as staff nurse, and, consequently, that she is ineligible for benefits according to I.C. § 72–1366(e). We disagree. Idaho Code § 72–1366 provides the terms upon which a claimant is eligible for an award of unemployment compensation. Section 72–1366(e) requires that, in order to qualify for benefits, a claimant's unemployment is not due to the fact that he or she voluntarily quit without good cause or was discharged for misconduct in connection with the employment. Section 1366(f) requires that a claimant's unemployment is not due to his or her failure without good cause to accept suitable work when offered. The question whether a claimant has met the eligibility requirements of I.C. § 72–1366 is a question of fact for the Commission. *Burnside v. Gate City Steel Corp.,* 112 Idaho 1040, 1042, 739 P.2d 339, 341 (1987). If the Commission's resolution of such questions of fact is supported by substantial and competent evidence on the record it will not be overturned on appeal. *Id.* There is substantial and competent evidence to support the Commission's finding that Laundry was discharged but not for misconduct.

Franciscan erroneously confuses the two distinct issues before this Court, namely, whether Laundry was discharged due to her own misconduct, and whether Laundry unreasonably rejected suitable employment, by

1.  Franciscan asserts that, where the Commission is only reviewing the record without holding a hearing of its own and observing any of the witnesses, this Court is not bound by the Commission's factual findings. *See Bortz v. Payless Drug Store,* 110 Idaho 942, 719 P.2d 1202 (1986); *Clay v. Crooks Indust.,* 96 Idaho 378, 529 P.2d 774 (1974). However, in *Booth,* this Court refused, given the extensive review process provided by the Employment Security Act, including

four levels of agency review together with the inappropriateness of judicial review of questions of fact, to assume an expanded scope of appellate review in unemployment cases involving factual disputes, regardless of whether witnesses personally appeared before the Commission. *Booth,* 99 Idaho at 232, 580 P.2d at 78. *Booth* expressly overruled any decision suggesting a contrary result. *See also Nigherbon v. Ralph E. Feller Trucking, Inc.,* 109 Idaho 233, 706 P.2d 1344 (1985).

asserting that Laundry voluntarily quit her job by refusing the staff nurse position. Laundry's alleged refusal to accept the staff nurse position is relevant to the second issue only. As to the first issue, the record overwhelmingly supports the Commission's finding that Laundry was discharged rather than voluntarily quit. Spohn admitted both at the hearing and in her report that she discharged Laundry as the Director of Nursing. The reasons for the discharge were put forth to Laundry in writing. The record also supports the finding that Laundry was discharged but not for her own misconduct. Misconduct has been defined in our prior cases to mean "willful, intentional disregard of the employer's interest, deliberate violation of the employer's rules, or disregard of standards of behavior which the employer has the right to expect from its employees." *Johns v. S.H. Kress & Co.*, 78 Idaho 544, 548, 307 P.2d 217, 219 (1957). Franciscan has failed to show that Laundry engaged in misconduct as defined by *Johns*.

## II.

### THE COMMISSION ERRED IN RULING THAT LAUNDRY WAS NOT OFFERED ALTERNATIVE EMPLOYMENT

Franciscan asserts that there is not substantial and competent evidence to support the Commission's finding that Franciscan did not make Laundry a specific offer of alternative employment prior to Laundry's abrupt departure from the August 7, 1991 meeting. We agree.

Idaho Code § 72–1366(f) provides that a claimant is ineligible for unemployment compensation benefits if the claimant failed without good cause to apply for suitable work or to accept suitable work when offered to the claimant. In *Tackett v. Continental College of Beauty*, 96 Idaho 634, 635, 534 P.2d 464, 465 (1975), this Court construed I.C. § 72–1366(f) to "require a specific offer of employment to be tendered to a prospective employee before it can be concluded that there has been a failure by the employee to accept suitable work when offered." The claimant has the burden of showing that the claimant has satisfied all of the eligibility requirements. *Burnside v. Gate City Steel Corp.*, 112 Idaho 1040, 1042, 739 P.2d 339, 341 (1987).

The finding of the Commission that Laundry did not unreasonably reject any suitable offer of employment is not supported by substantial, competent evidence. The record reveals that Spohn, Laundry's supervisor, told claimant to "take a three week vacation and return to the facility in a staff nurse position." Unlike in *Tackett*, where the employer intended to but did not have the opportunity to offer claimant another job during conversations that occurred prior to claimant's termination, the employer in this case did, in fact, make Laundry an offer to come back from vacation as a staff nurse. The record also reveals that Laundry's subsequent conduct in leaving the room prevented Spohn from discussing the details of the offer, and could be interpreted by Spohn as a rejection of the offer of the staff nurse position. *See, e.g., Czarlinsky v. Employment Sec. Agency*, 87 Idaho 65, 69–70, 390 P.2d 822, 825 (1964) (Court denied benefits where claimant terminated interview by indicating refusal to work nights).

Idaho Code § 72–1366(g) describes the method for determining whether or not offered work is "suitable," however, here there is no dispute as to the suitability of the staff nurse position but only whether or not an "offer" was made. We reverse and remand the case to the Commission for proceedings consistent herewith.

## III.

### LAUNDRY IS NOT ENTITLED TO ATTORNEY FEES ON APPEAL

Laundry requests an award of attorney fees on appeal and cites *Davis v. Miller Co.*, 107 Idaho 1092, 695 P.2d 1231 (1985), as support. In *Davis*, this Court awarded attorney fees on appeal to respondent because the appeal presented no meaningful issue on a question of law and was brought without foundation, asking the Court simply to second guess the factual determinations of the Commission. *Davis*, 107 Idaho at 1096, 695

P.2d at 1235. In this case we are unconvinced that the appeal was brought without foundation, and, accordingly refuse to award attorney fees to Laundry on appeal.

No costs on appeal.

BISTLINE, TROUT, and SILAK, JJ., concur.

JOHNSON, Justice, concurring and dissenting.

I concur in all of the Court's opinion, except part II (The Commission Erred in Ruling that Laundry Was Not Offered Alternative Employment). In my view, there is substantial and competent evidence to support the Commission's finding that Franciscan did not make Laundry a specific offer of alternative employment.