32 P.3d 1112

Linda S. EMERY, Claimant–Appellant,

v.

BOISE STATE UNIVERSITY and Embry Riddle Aeronautical, Employers, and State of Idaho, Department of Labor, Respondents.

No. 26034.

Supreme Court of Idaho, Boise, December 2000 Term.

Aug. 31, 2001.

Rehearing Denied Aug. 31, 2001.

Linda S. Emery, pro se, Boise.

Hon. Alan G. Lance, Attorney General, Boise, for respondent Department of Labor. Deputy Attorney General Craig G. Bledsoe argued.

Moore, Baskin & Parker, Boise, for respondent Boise State University. Martin C. Hendrickson argued.

**SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED MARCH 6, 2001 IS HEREBY WITHDRAWN.**

TROUT, Chief Justice.

Linda S. Emery ("Emery") appeals the decision of the Industrial Commission holding her ineligible for unemployment insurance benefits.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Emery is a part-time temporary instructor of English at Boise State University ("BSU"). For the last couple of years Emery has taught up to three courses per semester at BSU's Canyon County campus. Emery receives a contract for each course she teaches, which is often signed on or near the first day of class. BSU announces its course offerings several months in advance and informs the instructor that the instructor is approved to teach if the course has sufficient enrollment, but until fees are paid and the class size is certain, BSU does not know whether an announced course will actually be held.

In the spring of 1999, BSU notified Emery in writing that she was approved to teach three courses which had been announced for the fall session. Emery also inquired about employment during the summer session but was told she would not be needed. Ultimately, Emery did teach one course from June 7 through July 30, 1999. Emery filed a claim for unemployment benefits with respondent Department of Labor ("Department") on May 24, 1999. Her statement indicated she was a college instructor who had been laid off due to lack of work. Emery filed the claim to cover the weeks of lag time between the end of the spring semester and summer session. Emery also expected to reopen her claim at the end of the summer session in order to receive benefits between the summer and fall sessions. In response, BSU filed with the Department an Employer's Statement explaining that claimant Emery worked on a semester-to-semester basis and had a reasonable assurance of being rehired the following semester.

A Department claims examiner issued an eligibility determination of the claim and found Emery was between school terms and was therefore ineligible for benefits. Emery appealed. After conducting a telephone hearing, an appeals examiner affirmed in part and reversed in part the eligibility determination of the claims examiner. The determination was reversed on the ground that Emery did not have a reasonable assurance that she would continue teaching during the 1999 summer session, and affirmed the determination that Emery did have a reasonable assurance she would teach during the 1999 fall semester. Therefore, Emery was found eligible for unemployment insurance benefits from the end of the 1999 spring semester until the beginning of the 1999 summer session, and ineligible for unemployment insurance benefits from the end of the 1999 summer session until the beginning of the 1999 fall semester.

Emery filed an appeal to the Industrial Commission. The Commission reversed in part and affirmed in part the decision of the appeals examiner. The Industrial Commission held that Emery, as a part-time, temporary instructor for BSU, had a reasonable assurance of continued employment for the fall semester and was, therefore, ineligible for unemployment insurance benefits during the vacation period between the end of the 1999 spring semester and the beginning of the 1999 fall semester. The Commission reversed the appeals examiner's decision that Emery was eligible for unemployment insurance benefits from the end of the spring semester until the beginning of the summer session.

Emery filed a timely Motion for Reconsideration which the Commission denied, stating that its Decision and Order correctly determined Emery had a reasonable assurance of work for the 1999 fall semester and was therefore ineligible for unemployment insurance benefits during the customary summer vacation period between the end of the 1999 spring semester and the beginning of the 1999 fall semester. Emery filed a timely appeal to this Court.

## II.

### STANDARD OF REVIEW

In appeals from the Industrial Commission, this Court is limited to reviewing questions of law. Idaho Const. art. V, § 9; *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645(1997) (citations omitted). This Court will not disturb the Commission's findings of fact so long as they are supported in the record by substantial and competent evidence. *Id.; Folks*, 129 Idaho at 836, 933 P.2d at 645. We have defined substantial and competent evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Folks*, 129 Idaho at 836, 933 P.2d at 645.

The question of whether an employee has met the statutory eligibility requirements for unemployment compensation is a question of fact for the Industrial Commission; therefore, we will uphold the Commission's determination on this issue if supported by substantial and competent evidence. *Laundry v. Franciscan Health Care Center*, 125 Idaho 279, 869 P.2d 1374, 1376 (1994) (citing *Burnside v. Gate City Steel Corp.*, 112 Idaho 1040, 1042, 739 P.2d 339, 341 (1987)).

## III.

## DISCUSSION

■ Although Emery argues federal and state legislation denying unemployment compensation for instructional employees between academic terms or years and during established or customary vacation periods is not meant to include part-time, temporary instructors and asserts she did not have a "bona fide contract" because her contract is tentative, these claims present a single issue for this Court to review on appeal. That issue is whether there is substantial and competent evidence to support the Commission's determination that Emery had a reasonable assurance of employment rendering her ineligible for unemployment insurance benefits.

The statutory language governing academic employees under the employment security law includes I.C. § 72–1366(17)(a), (b) and (c). Idaho Code § 72–1366(17)(a) specifically provides:

Benefits based on wages earned for services performed in an instructional, research, or principal administrative capacity for an educational institution shall not be paid for any week of unemployment commencing during the period between two (2) successive academic years, or during a similar period between two (2) terms, whether or not successive, or during a period of paid sabbatical leave provided for in the individual's contract, to any individual who performs such services in the first academic year (or term) and has a contract to perform services in any such capacity for any educational institution in the second academic year or term, or has been given reasonable assurance that such a contract will be offered.

This language is unambiguous and broadly covers any person who applies for benefits based on "wages earned for services performed in an instructional ... capacity for an educational institution." *Id.* Idaho Code § 72–1366(17)(a) further clarifies unemployment shall not be paid between successive terms or years if the individual performs such services in the first year or term and has a contract, *or* has been given reasonable

assurance such a contract will be offered for the next term.

Emery taught in the academic term prior to filing her claim in May 1999. However, Emery had no contract to perform those services in the next academic year, fall semester of 1999. Therefore, the Industrial Commission's sole determination was whether Emery fit within the exclusion of benefits under I.C. § 72–1366(17)(a) because she was given a "reasonable assurance" that such a contract would be offered. The statute itself does not define reasonable assurance, however, the Idaho Department of Labor, pursuant to its authority under I.C. §§ 72–1331 and 72–1333 to administer the employment security law and to promulgate rules, promulgated IDAPA 09.01.30.325, which offers guidance in interpreting this statutory language.

Benefits based on wages earned for services performed for an educational institution or education service agency shall not be paid for any week which commences during a period between two (2) successive school years or terms, or during vacation periods and holiday recesses within terms, if an individual performs services in the first year or term and there is a contract or reasonable assurance that the individual will perform such services in the second year or term.

01. Possibility of Employment. An offer of employment by an educational institution or service agency is not "bona fide" if merely a possibility of employment exists. A possibility of employment, rather than a reasonable assurance, exists when:

a. The circumstances under which the claimant would be employed are not within the control of the educational institution; and

b. The educational institution does not provide evidence that such an individual normally would perform services the following academic year.

02. Reasonable Assurance. "Reasonable assurance" of continuing employment exists when an educational institution or service agency provides an oral or written statement to the Department indicating that the claimant has been given a bona fide offer of a specific job in the second

academic period. In addition, for such "reasonable assurance" to exist, the terms and conditions of the job offered in the second period must not be substantially less favorable than the terms and conditions of the job performed in the first period.

Applying the statutory language of I.C. § 72–1366(17)(a) and IDAPA 09.01.30.325 to the instant case, substantial and competent evidence supports the Commission's finding that Emery had a reasonable assurance of employment. The record before the Commission established Emery was notified in writing she would teach three courses which had been announced for the fall session. At the hearing, BSU testified enough students had pre-registered for two classes to make them likely to be held. The Industrial Commission broke down its findings as follows:

> According to the rule, " 'reasonable assurance' "of continuing employment exists when (1) the employer gives IDOL (2) an oral or written statement (3) indicating that the claimant has been given (4) a bona fide offer (5) of a specific job (6) in the second academic period. At hearing (1) BSU gave IDOL (2) an oral statement (3) indicating that it sent Claimant (4) notice of approval to teach (5) three specific courses (6) in the fall semester (7) under similar terms and conditions.

The only question left for the Commission was whether notice of approval to teach constituted a "bona fide" offer. As quoted above, IDAPA 09.01.30.325.01 identifies when an offer is not bona fide because only a possibility of employment exists. A mere possibility exists if (1) the employer cannot control the circumstances under which the claimant would be employed; and (2) the employer does not provide evidence that the claimant would normally perform services the following year. IDAPA 09.01.30.325.01.

First, the Commission found BSU's policy of making enrollment a contingency is merely a way of assuring it will not incur undue expense if a course is not held, and BSU has minimized the possibility that all of Emery's courses will be cancelled. The record shows BSU makes informed judgments about which courses, if offered, likely will be filled. BSU announces course offerings well in advance to generate sufficient enrollment and offers specific courses for Emery to teach. Therefore, the Commission's finding that the circumstances of Emery's reemployment were reasonably under the control of BSU is supported by substantial and competent evidence. Second, the record provides substantial and competent evidence that Emery would normally provide services the following year. The record demonstrates that BSU normally hires part-time, temporary instructors for its satellite campuses and for continuing education classes. Emery has returned to work under similar circumstances in prior years and in the past has usually taught all three courses available to her. Furthermore, Emery received a letter from BSU indicating she was approved to teach three classes in the fall of 1999, with two of the classes being adequately filled at the time of the offer so as to make them likely to be held.

Substantial and competent evidence supports the Commission's determination that Emery's offer was more than a mere possibility of employment and Emery was given a bona fide offer of continued employment as defined by the IDAPA rules. Therefore, Emery had reasonable assurance a contract would be offered and is ineligible for unemployment insurance benefits under I.C. § 72–1366(17)(a). Although Emery argues against the fairness of depriving part-time, temporary instructors benefits where they do not have the security of annual contracts, that is an argument better made to the legislature. We decline the request to provide protections for part-time instructors not clearly provided by the statutes.

## IV.

## CONCLUSION

The Industrial Commission's determination that Emery had a reasonable assurance of employment is supported by substantial and competent evidence; therefore, we affirm the denial of unemployment insurance benefits. We award costs on appeal to respondents.

Justices WALTERS, KIDWELL, Justices Pro Tem REINHARDT and NEVILLE concur.