719 P.2d 1151

Marvin R. BEATY, SSA 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,
Claimant-Respondent,

v.

CITY OF IDAHO FALLS,
Employer-Appellant,

and

State of Idaho, Department of
Employment, Respondent.

No. 15992.

Supreme Court of Idaho.

April 14, 1986.

Rehearing Denied June 11, 1986.

Dale W. Storer of Albaugh, Pike, Anderson & Storer, Idaho Falls, for employer-appellant.

Jim Jones, Atty. Gen., Evelyn Thomas, Deputy Atty. Gen., for respondent Dept. of Employment.

Marvin R. Beaty, pro se.

DONALDSON, Chief Justice.

This is an appeal by the city of Idaho Falls from a decision of the Industrial Commission that the city's employee, Marvin Beaty, was entitled to unemployment benefits since his discharge was not for misconduct in connection with his employment as a city garbage collector. For the reasons set forth below we affirm the decision of the Industrial Commission.

Beaty had been employed as a garbage collector for the city of Idaho Falls since July of 1973. At the time of his discharge in 1984, he was assigned to a commercial rather than a residential route.

On January 14, 1984, Beaty and his wife were arrested and charged with possession of stolen property (guns) and of marijuana. Beaty's explanation for his possession of the stolen guns is that he was storing them for his father who is a gun collector and that he did not know they were stolen. He admitted to possessing the marijuana.

Beaty pled guilty to the charges against him pursuant to a plea agreement. In exchange for his guilty plea, the charges against his wife were to be reduced or dropped and his father was not to be charged. A sentencing hearing was held on July 17, 1984 and Beaty was sentenced to three years probation and given a withheld judgment. Three days later, he was discharged by the city of Idaho Falls on the grounds that his status as a felon violated the city's code of conduct.

Beaty filed a claim for unemployment benefits that same day. In a Determination dated July 30, 1984, the Department of

Employment held that Beaty was eligible for unemployment insurance benefits. After the city filed a protest, the Redetermination stage was bypassed and, on August 15, 1984, a telephone conference hearing was held before an appeals examiner of the Department of Employment. The appeals examiner affirmed the award of unemployment benefits. The city then appealed to the Industrial Commission. Oral argument and further hearings were waived, and the matter was submitted on the briefs. On February 5, 1985, the Industrial Commission issued Findings of Fact and Conclusions of Law affirming the decision of the appeals examiner.

The issue on this appeal is whether Beaty's discharge by the city was for misconduct that was sufficiently work-related to disqualify him for unemployment benefits pursuant to I.C. § 72–1366(e). That statute provides:

"**72–1366. Personal eligibility conditions.**—The personal eligibility conditions of a benefit claimant are that—

" . . . .

"(e) His unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment."

Hence, when an employee is discharged for misconduct, it must be shown to be work-related before unemployment benefits can be denied. *Roll v. City of Middleton*, 105 Idaho 22, 25, 665 P.2d 721, 724 (1983). Work-relatedness is a factual determination and when a claimant's eligibility for unemployment benefits is challenged by the employer on the ground that the employment was terminated for misconduct, "the employer must carry the burden of proving that the employee was in fact discharged for employment-related misconduct." *Id.* (*citing Parker v. St. Maries Plywood*, 101 Idaho 415, 419, 614 P.2d 955, 959 (1980)).

The appeals examiner of the Department of Employment and the Industrial Commission found that the misconduct for which Beaty was discharged was not sufficiently work-related to justify denial of unemploy-

ment benefits. Our review of this finding is limited to a determination whether it is supported by substantial and competent evidence. ID. CONST. art. 5, § 9; I.C. § 72–732; *Neufeld v. Browning Ferris Industries*, 109 Idaho 899, 902, 712 P.2d 600, 603 (1985). Our standard of review remains the same even though, as in this case, the evidence before the Commission was presented by written record rather than through personal appearances at a hearing. *Poss v. Meeker Machine Shop*, 109 Idaho 920, 923, 712 P.2d 621, 624 (1985); *Nigherbon v. Ralph E. Feller Trucking, Inc.*, 109 Idaho 233, 234, 706 P.2d 1344, 1345 (1985).

The city argues that it had a legitimate and reasonable basis for discharging Beaty because of his violation of the City of Idaho Falls Employee Code of Conduct. That code of conduct reads in pertinent part:

"Any city employee whose conduct is found to fall within the scope of these examples (rules) or to be in conflict with other generally accepted rules of personal conduct will be subject to disciplinary action which may range from a warning or reprimand to discharge, depending on the seriousness of the conduct under the particular circumstances:

" . . . .

"19. Commission of a Felony."

The city, however, has completely misperceived the issue. The issue is not whether the city had reasonable grounds for discharging Beaty, but rather whether those grounds constituted "misconduct" in connection with Beaty's employment such that he can be denied unemployment benefits. The two issues are separate and distinct, and we reject the city's tacit invitation to hold that any discharge that is reasonably based on the employer's own rules will always result in a denial of the discharged employee's unemployment benefits. *See Simmons v. Department of Employment*, 99 Idaho 290, 581 P.2d 336 (1978); *Wroble v. Bonners Ferry Ranger Station*, 97 Idaho 900, 556 P.2d 859 (1976).

The city cites the case of *O'Neal v. Employment Security Agency*, 89 Idaho 313,

404 P.2d 600 (1965) in support of its argument. In that case, the claimant was an employee of the United States Post Office and had been charged with, and pled guilty to, several serious felony morals charges. The Post Office discharged the claimant for violating a postal regulation which prohibited "infamous, dishonest, immoral, or notoriously disgraceful conduct." When the claimant applied for unemployment benefits, an agency claims examiner determined he was ineligible because his misconduct was in connection with his employment. This Court agreed with the claims examiner and held that the U.S. Post Office had a right to expect its employees to refrain from conduct which would bring it dishonor. The evidence in *O'Neal* clearly indicated that, because of the position the claimant held with the Post Office, the rule against his lewd and lascivious conduct was closely connected with his employer's interest and seriously affected his job performance. Hence, a denial of unemployment benefits under I.C. § 72–1366(f) [recodified as I.C. § 72–1366(e)] was justified. This Court, however, stressed that its holding was based on the unique facts of the case and that the general rule was that,

"An employee's conduct off the working premises or outside the course or scope of his employment is generally not considered as misconduct in connection with the employment. There are recognized circumstances, however, as where the conduct is so closely connected with the business interests of the employer as to warrant disqualification for unemployment benefits." *Id.* at 319, 404 P.2d at 606.

By contrast, the Industrial Commission in the present case found that there was nothing in the record which suggests that Beaty's possession of the guns or the marijuana was so closely connected with the city's interests as to warrant disqualification for unemployment benefits. Simply being in violation of the city's rule against committing a felony is not sufficient, since, as this Court stated in *O'Neal*, "[a] rule laid down by the employer governing off-duty conduct of his employees must have a reasonable relationship to the employer's interests in order that violation thereof will constitute misconduct barring eligibility for unemployment compensation benefits." *Id.* at 317, 404 P.2d at 604.

It is well established that a violation of an employer's rule is *not* per se misconduct such as to disqualify a claimant from receiving unemployment benefits. *Simmons, supra,* at 292, 581 P.2d at 338. Rather, there must be a deliberate and intentional violation of the spirit of the rule by the claimant. *Id.; Wroble, supra,* at 902, 556 P.2d at 861. In *Wroble,* this Court said

"We do not perceive the legislative intent in enacting I.C. § 72–1366(e) ... [was] to require that any violation of *any* rule of an employer will, per se, constitute misconduct such as will result in the denial of unemployment compensation benefits upon discharge. While an employer may make almost *any* kind of a rule for the conduct of his employees and under some circumstances may be able to discharge an employee for violation of *any* rule, such does not, per se, amount to 'misconduct' constituting a bar to unemployment compensation benefits." *Id.*

Here, there is no evidence of a deliberate violation of the specific rule at issue, or the spirit of the city's rules of conduct generally, such that Beaty's off-duty conduct would amount to "misconduct" constituting a bar to unemployment benefits. I.C. § 72–1366(e).

Although we do not condone Beaty's conduct, nor pass judgment on the city's prerogative in discharging him, we have fully reviewed the record before us and hold that the Industrial Commission's determination of Beaty's eligibility for unemployment benefits is supported by substantial and competent evidence. We, therefore, affirm the commission's order.

Costs to respondent.

No attorney fees on appeal.

SHEPARD, and HUNTLEY, JJ., concur.

894

BISTLINE, J., separately concurring in the Court's judgment affirming the Industrial Commission.

BISTLINE, Justice, separately voting to affirm the decision and award of the Industrial Commission.

There are two passages in the proposed opinion for the Court which preclude my joining that opinion. The offending passages, which are not essential to the *ratio decidendi* of the opinion, are:

Our standard of review remains the same even though, as in this case, the evidence before the Commission was presented by written record rather than through personal appearances at a hearing. *Poss v. Meeker Machine Shop,* 109 Idaho 920, 923, 712 P.2d 621, 624 (1985); *Nigherbon v. Ralph E. Feller Trucking, Inc.,* 109 Idaho 233, 234, 706 P.2d 1344, 1345 (1985).

Majority opinion, p. 892, 719 P.2d at 1152.

Although we do not condone Beaty's conduct....

Majority opinion, p. 893, 719 P.2d at 1153.

In *Poss,* I explained that in cases where the Industrial Commission's factual findings are based solely on a written record, our standard of review for such findings is not restricted to a determination of whether substantial and competent evidence supports the finding. Rather, under *Phipps v. Boise Street Car Co.,* 61 Idaho 740, 107 P.2d 148 (1940), and other cases, the Court is free to make an independent review of the record, and should do so when the occasion so requires—which I say on the proposition that the Industrial Commission has had visited upon it the obligation of serving the duty of an appeals court on appeals from the Department of Employment. Appeals, of course, are a specialty of this Court, and there can be little doubt that we have substantially more staff available to determine legal questions than does the Commission.

As to the other statement, I do not see that it behooves this Court to pass a moral judgment on Beaty's conduct, which apparently consisted of pleading guilty in order that his wife and father be spared from any prosecution.

BAKES, Justice, concurring specially:

In *O'Neal v. Employment Security Agency,* 89 Idaho 313, 404 P.2d 600 (1965), this Court reversed the Industrial Commission and determined that a postal employee who had pleaded guilty to a felony charge of lewd and lascivious conduct was, as a matter of law, in violation of a postal regulation providing for removal of an employee who exhibited immoral conduct. Interpreting the employee's dismissal as "dismissal for misconduct," we recognized a circumstance "where the conduct [of an employee off the working premises] is so closely connected with the business interests of the employer as to warrant disqualification for unemployment benefits." *O'Neal v. Employment Security Agency, supra* at 319, 404 P.2d at 606. The holding in *O'Neal* is equally applicable here. After pleading guilty to a felony charge,[1] Beaty was in violation of the City of Idaho Falls Employee Code of Conduct, which specifically states that commission of a felony may be grounds for discharge. Accordingly, Beaty was discharged for misconduct.

Attempts to distinguish this case from *O'Neal* are unpersuasive. As in *O'Neal,* Beaty's conduct off the working premises could seriously impact his job performance and interfere with the employer's interests. Sanitation workers, who have an implied license to enter the property of others to remove trash and garbage, are in an advantageous position to commit burglaries or theft. Accordingly, the city is entirely justified in discharging for misconduct any sanitation worker who is guilty of such a crime. As S. Craig Lords, the city's representative, stated in the hearing before the appeals examiner,

1. Beaty's explanation of his reason for entering his guilty plea is irrelevant. Beaty stands convicted of a felony, and it is not this Court's or the Industrial Commission's responsibility to re-

try the issue of his guilt in this proceeding. Beaty should not be permitted to collaterally attack his conviction in this proceeding.

"Mr. Beaty being a sanitation worker or running a garbage truck, whether it be in the commercial or residential area, has an opportunity to know the habits of a business, whether people are home, whether they're not home, whether a home is occupied, whether the owner's gone South for the winter or whatever the case might be. We felt that with the type of conviction, with the type of crime Mr. Beaty pled guilty to, the type of felony that it was, that it lended itself to, you know, give the City some concern in regards to Mr. Beaty and his knowledge of businesses or homes or whatever else, I guess basically."

Thus, the majority's suggestion that no reasonable relationship exists between the city's rule and the city's interest in this case is simply mistaken.

Although I remain unconvinced by the majority's attempt to distinguish *O'Neal,* I nevertheless concur in the result here. The record reflects that Beaty was told by a supervisor that the guilty plea would not cause him to lose his job. Thus, although the city was justified in setting the policy expressed in its code of conduct, the city, through the actions of its representatives, modified this policy in this case. Accordingly, on the peculiar facts of this case, I agree with the majority that the Industrial Commission's order should be affirmed.