900 P.2d 1372

Geneva A. WELCH, 530–34–4142, Claimant–Respondent,

v.

COWLES PUBLISHING COMPANY, d/b/a Spokesman–Review, Defendant–Appellant,

and

State of Idaho, Department of Employment, Defendant–Respondent.

No. 21314.

Supreme Court of Idaho, Coeur d'Alene, April 1995 Term.

Aug. 22, 1995.

Witherspoon, Kelly, Davenport & Toole, P.S., Coeur d'Alene, for defendant-appellant. Dennis M. Davis argued.

Lukins & Annis, P.S., Spokane, WA, for claimant-respondent. Linda G. Tompkins argued.

Alan G. Lance, Idaho Attorney General; Jane M. Newby, Deputy Attorney General, Boise, for defendant-respondent. Jane M. Newby argued.

McDEVITT, Chief Justice.

This is an Industrial Commission case. Cowles Publishing Company, d/b/a Spokesman–Review (Cowles Publishing) appeals the Industrial Commission's (the Commission) reversal of the appeals examiner of the Idaho Department of Employment's decision. The Commission concluded that claimant, Geneva A. Welch (Welch), was not discharged from Cowles Publishing for misconduct and was entitled to unemployment insurance benefits.

## I.

### FACTS AND BACKGROUND

Welch was employed by Cowles Publishing as an inside account executive. Cowles Publishing is the publisher of the Spokesman–Review newspaper. Welch's position included the responsibilities of telemarketing of classified and display advertising for the newspaper. Welch was discharged from her employment at Cowles Publishing on August 27, 1993 for dishonesty, excessive use of the telephone for personal reasons, abuse of company time for personal business, and for charging her personal long distance calls to Cowles Publishing's account. Welch claimed that she was not discharged from employment for misconduct, but was discharged in-

stead in retaliation for her reports of sexual harassment by her supervisor.

After her discharge, Welch filed a claim for unemployment insurance with the Idaho Department of Employment, which was denied on September 16, 1993. Welch sought a redetermination of the decision, but the redeterminations examiner concluded that Welch's case would best be resolved in an appeal hearing. The appeals examiner affirmed the denial of unemployment insurance benefits for Welch on November 17, 1993. Welch then filed a claim for review before the Employment Security Department of the Industrial Commission.

■ In its decision and order, the Commission adopted the findings of fact of the appeals examiner with a few additions and modifications. The Commission reversed the decision of the appeals examiner and held that Welch was eligible for unemployment insurance benefits. The Commission concluded that the grounds for Welch's discharge did not constitute "misconduct" under the three prong test established in *Johns v. S.H. Kress & Co.,* 78 Idaho 544, 307 P.2d 217 (1957). Under the *Kress* test, for a claimant to be rendered ineligible for unemployment benefits due to her being discharged for employment related misconduct, claimant must have (1) exhibited a willful or intentional disregard for the employer's interest, (2) deliberately violated the employer's rules, or (3) exhibited a disregard of standards of behavior which the employer has a right to expect of its employees. *Id.* at 548, 307 P.2d at 219. The Commission concluded that Welch did not intentionally violate Cowles Publishing's policy regarding personal phone calls and that Welch's conduct of making personal phone calls did not show an intentional, substantial disregard for Cowles Publishing's interest. In determining whether Welch's conduct was below the standard of behavior that Cowles Publishing had a right to expect, the Commission held that Welch believed in good faith that her calls added little or no financial obligation to Cowles Publishing, that Welch's supervisor was clandestine in documenting and monitoring Welch's phone calls rather than openly addressing and solving the problem, and that Welch was misled into believing that her calls were acceptable and her performance acceptable. The Commission concluded that because Cowles Publishing's expectations regarding the use of a business phone for personal, long distance calls were not properly communicated to Welch, her conduct did not fall below the standard of behavior Cowles Publishing had the right to expect, and that she was discharged for reasons other than misconduct. The Commission did not rule on Welch's allegation that she was discharged in retaliation for her sexual harassment claim.

Cowles Publishing appealed the decision of the Commission to this Court.

## II.

## DISCUSSION

■ On appeal, this Court's review of decisions of the Industrial Commission is limited to questions of law. Idaho Const. art. V, § 9; *Hart v. Deary High School,* 126 Idaho 550, 552, 887 P.2d 1057, 1059 (1994); *Campbell v. Bonneville County Bd. of Comm'rs,* 126 Idaho 222, 225, 880 P.2d 252, 255 (1994). The Commission's findings of fact will not be disturbed on appeal where they are supported by substantial and competent evidence. I.C. § 72–732; *Lang v. Ustick Dental Office, P.A.,* 120 Idaho 545, 547, 817 P.2d 1069, 1071 (1991). Where conflicting evidence is presented that is supported by substantial, competent evidence, the findings reached by the Commission must be sustained regardless of whether this Court may have reached a different conclusion. *Spruell v. Allied Meadows Corp.,* 117 Idaho 277, 279, 787 P.2d 263, 265 (1990).

■ Idaho Code § 72–1366(e) provides that a claimant is rendered ineligible for unemployment benefits if she voluntarily left her employment without good cause connected with her employment, or was discharged for misconduct in connection with her em-

364

ployment. I.C. § 72–1366(e); *Puckett v. Idaho Dep't of Corrections,* 107 Idaho 1022–23, 695 P.2d 407–08 (1985). Misconduct has been defined by this Court as (1) a willful, intentional disregard of the employer's interest; (2) a deliberate violation of the employer's rules; or (3) a disregard of standards of behavior which the employer has a right to expect of its employees. *Laundry v. Franciscan Health Care Center,* 125 Idaho 279, 282, 869 P.2d 1374, 1377 (1994) (citing *Johns v. S.H. Kress & Co.,* 78 Idaho 544, 548, 307 P.2d 217, 219 (1957)). An employer challenging a claimant's eligibility for unemployment insurance benefits, carries the burden of proving that the employee was discharged for employment related misconduct. *DesFosses v. Department of Employment,* 123 Idaho 746, 748, 852 P.2d 498, 500 (1993) (citing *Parker v. St. Maries Plywood,* 101 Idaho 415, 419, 614 P.2d 955, 959 (1980)).

■ Because the question of whether an employee's conduct constituted misconduct pursuant to I.C. § 72–1366(e) is a factual one, the determination of the Commission will be upheld if supported by substantial and competent evidence. *Taylor v. Burley Care Center,* 121 Idaho 792, 793, 828 P.2d 821, 822 (1991); *see also Goolsby v. Life Savers, Inc.,* 107 Idaho 456, 459, 690 P.2d 911, 914 (1984) ("The determination of whether the employee's conduct fell below the standard of behavior which the employer has a right to expect from its employees is a factual one.") (citations omitted). The Commission, in its decision, addressed whether Welch's conduct constituted misconduct under each of the three definitions of "misconduct." No challenge on appeal was made to the Commission's conclusions that Welch did not show an intentional, substantial disregard for her employer's interest or that Welch did not intentionally violate her employer's policies. Thus, the sole issue on appeal is whether substantial and competent evidence supports the Commission's determination that Welch's conduct did not fall below the standard of behavior that her employer had the right to expect and that Welch was discharged for reasons other that misconduct.

■ The standard-of-behavior test of employee misconduct is a two part inquiry of (1) whether the employee's conduct fell below the standard of behavior expected by the employer; and (2) whether the employer's expectation was objectively reasonable in the particular case. *Taylor,* 121 Idaho at 793, 828 P.2d at 822. This Court in *Davis v. Howard O. Miller Co.,* 107 Idaho 1092, 1094–95, 695 P.2d 1231, 1234–35 (1984) approved the appellant's assertion that:

> some expectations and duties "flow normally from an employment relationship." Other expectations however, do not "flow naturally." If certain practices or expectations are not common among employees in general or within a particular enterprise, and have not been communicated by the employer to the employee, they cannot serve as a proper basis for a charge of employee misconduct.

The Court held that:

> To prevail in a showing of misconduct it was necessary for Miller to show that either the practice of gas station managers temporarily absenting themselves without notifying the head office, by its very nature, naturally falls "below the standard of behavior expected by the employer," *Matthews, supra, or* that he had warned his managers that this practice was unacceptable and against company policy. He showed neither.

*Id.*

There is no requirement that the employee's disregard of the employer's expected standard of behavior must have been subjectively willful, intentional, or deliberate. *Matthews v. Bucyrus–Erie Co.,* 101 Idaho 657, 659, 619 P.2d 1110, 1112 (1980).

■ The Commission concluded that Cowles Publishing's expectations were not properly communicated to Welch. Thus, in this situation Cowles Publishing had no right to expect compliance with an uncommunicated standard. After our review of the record, we conclude that substantial and competent evidence supports the Commission's determination.

Cowles Publishing's policy regarding the use of business phones for personal purposes stated that the personal use of phones should

be avoided. Cowles Publishing also had an informal policy where employees were permitted to make personal, long-distance calls on the company's business phones, but that the employees were to report to the phone use and reimburse the company. Welch made considerable personal use of the business phones at Cowles Publishing and charged her personal long distance calls to the business account. There is conflicting evidence in the record as to whether Welch was given specific warnings about her personal, long-distance phone calls made on the business phones. Welch's supervisor, Robert D. Myklebust, testified that he had counseled Welch on her excessive use of the business telephones. Welch stated that Myklebust had informally told Welch that she had been on the business phone with personal matters more than she should, but Welch disputed that Myklebust had ever spoken to her about her long-distance calls. Nevertheless, it is not for this Court to weigh the evidence, but to determine whether there is substantial and competent evidence to support the Commission's findings of fact. In reviewing the findings of the Commission, we conclude that substantial evidence embodies such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Laundry,* 125 Idaho at 281, 869 P.2d at 1376. The record supports by substantial, competent evidence the Commission's determination.

### III.

### CONCLUSION

We conclude that the record contains substantial and competent evidence to support the Commission's determination. The employer failed to communicate its expectations to Welch and thus could not expect compliance with its uncommunicated expectations. We affirm the decision of the Commission that Welch is eligible for unemployment benefits. We award costs on appeal to Welch.

JOHNSON, TROUT, SILAK, and SCHROEDER JJ., concur.

SCHROEDER, J., concurs in result.