105 P.3d 267

Brett S. HARRIS, Claimant–Respondent,

v.

ELECTRICAL WHOLESALE,
Employer–Appellant,

and

State of Idaho, Department
of Labor, Respondent.

No. 29861.

Supreme Court of Idaho,
Pocatello, September 2004 Term.

Dec. 20, 2004.

Bart M. Davis, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

TROUT, Justice.

Employer, Electrical Wholesale Supply Co., Inc. (EWS), challenged an affirmative eligibility determination awarding unemployment benefits to claimant Brett Harris (Harris) through the Idaho Department of Labor.

The Industrial Commission affirmed the eligibility determination on the basis that Harris was not discharged for misconduct in connection with his employment. The decision of the Industrial Commission is supported by substantial and competent evidence and is, therefore, affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

EWS is an electrical distributor and has warehouses located throughout southern Idaho and western Wyoming. At the time of his discharge, Harris was a truck driver for EWS, driving five times a week between Pocatello, Blackfoot, Idaho Falls, Rexburg and also Jackson, Wyoming. EWS' written employee handbook required that all employees who operated a company motor vehicle have a valid driver's license and maintain a driving record acceptable to EWS' insurance carrier. Harris signed the handbook and was generally aware of his employer's policy.

While driving his personal vehicle during off-work hours in March 2002, Harris received a moving violation traffic citation for traveling 45 miles per hour in a 35 mile per hour zone. Harris then received a traffic citation on January 27, 2003, while driving his personal vehicle during off-work hours, for failing to stop at a stop sign. The next day Harris mentioned at work that he had received a traffic citation. EWS immediately notified its insurance carrier and the carrier responded by denying insurance coverage for Harris for what the appeals examiner determined was "exceeding eligibility for standard driver insurance, per established criteria." Harris was discharged on January 29, 2003, since his job required maintenance of insurance through EWS' carrier in order to continue driving company vehicles.

Harris filed for unemployment benefits through the Idaho Department of Labor and received an eligibility determination that found he was not discharged for misconduct in connection with employment and was therefore eligible for benefits. EWS' account was also held chargeable for experience rating purposes. EWS filed a timely

protest of the decision to the Department of Labor and a telephonic hearing was held before an appeals examiner. The examiner determined that although EWS had cause to discharge Harris, it had not established by a preponderance of the evidence that Harris was discharged for misconduct in connection with the employment, as defined by Idaho Code § 72–1366(5), IDAPA 09.01.30.375 and Idaho case law. EWS appealed the matter to the Industrial Commission, which conducted a de novo review of the record in the case. The Commission subsequently affirmed the appeals examiner's decision, also finding that although EWS may have felt it had reasonable grounds for discharging Harris, it had not demonstrated by a preponderance of the evidence that its reason for discharging him constituted misconduct in connection with his employment. EWS subsequently filed this appeal.

## II.

### STANDARD OF REVIEW

When considering an appeal from the Industrial Commission, this Court is limited to reviewing questions of law. Idaho Const. Art. V, § 9. *Pimley v. Best Values, Inc.*, 132 Idaho 432, 434, 974 P.2d 78, 80 (1999). The Commissions findings of fact will not be disturbed on appeal where they are supported by substantial and competent evidence. I.C. § 72–732; *Welch v. Cowles Publ'g Co.*, 127 Idaho 361, 363, 900 P.2d 1372, 1374 (1995). Where conflicting evidence is presented that is supported by substantial, competent evidence, the findings reached by the Commission must be sustained regardless of whether this Court may have reached a different conclusion. *Spruell v. Allied Meadows Corp.*, 117 Idaho 277, 279, 787 P.2d 263, 265 (1990). Idaho Code § 72–1366(5) renders a claimant ineligible for unemployment insurance benefits when the claimant was discharged for misconduct in connection with the employment. Whether an employees behavior constitutes misconduct is a factual determination that will be upheld unless not supported by substantial and competent evidence. *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 933 P.2d 642 (1997).

## III.

### ANALYSIS

When an employer discharges an employee, the worker is eligible for unemployment benefits if "unemployment is not due to the fact that he left his employment voluntarily without good cause connected with his employment, or that he was discharged for misconduct in connection with his employment." I.C. § 72–1366(5). The burden of proving misconduct by a preponderance of the evidence falls strictly on the employer, and where the burden is not met, benefits must be awarded to the claimant. *Roll v. City of Middleton*, 105 Idaho 22, 25, 665 P.2d 721, 724 (1983); *Parker v. St. Maries Plywood*, 101 Idaho 415, 419, 614 P.2d 955, 959 (1980). A "preponderance of the evidence" is evidence that, when weighed with that opposed to it, has more convincing force and from which results a greater probability of truth. *Cook v. W. Field Seeds, Inc.*, 91 Idaho 675, 681, 429 P.2d 407, 413 (1967).

Neither party has disputed the nature of Harris' separation. Therefore, the issue is not whether EWS had reasonable grounds for discharging Harris, but rather whether the reasons for the discharge amounted to "misconduct" in connection with his employment such that he can be denied unemployment benefits. This Court has previously declared the two issues separate and distinct. *Beaty v. City of Idaho Falls*, 110 Idaho 891, 892, 719 P.2d 1151, 1152 (1986). Misconduct is defined as a willful, intentional disregard of the employer's interests; a deliberate violation of the employer's rules; or a disregard of the standards of behavior which the employer has a right to expect of its employees. *Johns v. S.H. Kress and Co.*, 78 Idaho 544, 548, 307 P.2d 217, 219 (1957). This standard has been codified under IDAPA 09.01.30.275(2), which provides:

> Misconduct that disqualifies a claimant for benefits must be connected with the claimant's employment and involve one of the following:
>
> a. Disregard of Employer's Interest. A willful, intentional disregard of the employer's interest.

**4**

b. Violation of Reasonable Rules. A deliberate violation of the employer's reasonable rules.

c. Disregard of Standards of Behavior. If the alleged misconduct involves a disregard of a standard of behavior which the employer has a right to expect of his employees, there is no requirement that the claimant's conduct be willful, intentional, or deliberate. The claimant's subjective state of mind is irrelevant. The test for misconduct in "standard of behavior cases" is as follows:

i. Whether the claimant's conduct fell below the standard of behavior expected by the employer; and

ii. Whether the employer's expectation was objectively reasonable in the particular case.

In this case, Harris was discharged solely for failing to maintain his insurability through the company's insurance carrier. There is no evidence suggesting that Harris' personal off-work traffic citations involved a deliberate violation of EWS' rules or constituted willful/intentional disregard of EWS' interests. Thus, the third area of misconduct—actions which fell below the standard of behavior EWS had a right to expect—seems to be the only one applicable.

 Under the standard of behavior test, EWS must prove by a preponderance of the evidence that (1) claimant's conduct fell below the standard of behavior expected by the employer; and (2) that its expectations were objectively reasonable in this particular case. *See Welch v. Cowles Publ'g Co.,* 127 Idaho 361, 364, 900 P.2d 1372, 1375 (1995). In making their case, there is "no requirement that the employee's disregard of the employer's expected standard of behavior must have been subjectively willful, intentional or deliberate." *Id.*

 The Industrial Commission found that EWS' expectation was not objectively reasonable in this case because, although the company clearly expected Harris to remain insurable, it found no evidence in the record showing that the company ever communicated to Harris precisely what conduct would render him uninsurable. The question of whether an employer's expectation is objectively reasonable in a particular case is generally a question of fact, and the Commission's determination in this regard will not be disturbed on appeal if it is supported by substantial and competent evidence in the record. *See Folks,* 129 Idaho at 838, 933 P.2d at 647. At first glance, EWS' policy that its drivers maintain a driving record acceptable to its insurance carrier appears to be a generally reasonable expectation. However, to meet the standard-of-behavior test and prove discharge for misconduct, an "employers expectations are ordinarily reasonable only where they have been communicated to the employee." *Folks v. Moscow Sch. Dist. No. 281,* 129 Idaho 833, 838, 933 P.2d 642, 647 (1997). Thus, an employer must show by the preponderance of the evidence that it communicated its expectations to the claimant, or that its expectations "flow normally" from the employment relationship. *Id.*

The Industrial Commission's determination that EWS' expectation was not objectively reasonable because it was not adequately communicated to Harris is supported by substantial and competent evidence. Although EWS may have generally communicated its expectations of insurability to Harris through a written policy contained in its employee handbook, the company never told him what he specifically needed to do to remain insurable. Harris was never informed that traffic citations issued to him in his personal vehicle during off-work hours would render him uninsurable through his employer and cause him to be discharged. EWS' communication of its insurability policy may have been adequate enough to provide reasonable grounds to discharge Harris upon his failure to maintain insurance through the company's insurance carrier. However, for unemployment insurance purposes, in order for the discharge of an employee to qualify as being for "misconduct" such as to deny a claimant unemployment benefits, the communication standard is higher and more specific than what would be necessary simply to discharge an employee for cause.

As such, the Court agrees with the Commission's finding that Harris was not discharged for misconduct in connection with his employment.

## IV.

## CONCLUSION

There is substantial and competent evidence in the record to support the Industrial Commission's finding that Harris was not discharged for misconduct in connection with his employment sufficient to permit the denial of unemployment benefits. The decision of the Industrial Commission awarding unemployment benefits to Harris is affirmed.

Justices KIDWELL, EISMANN and BURDICK concur.

Chief Justice SCHROEDER, dissenting.

I respectfully dissent from the Court's opinion. A driver who cannot be insured through his employer's insurance carrier is useless. Maintaining a driving record that is insurance eligible is a condition that flows normally from the employment. There should be no need to communicate that condition. However, in this case that condition was communicated. As the Court notes:

> EWS' written employee handbook required that all employees who operated a company motor vehicle have a valid driver's license and maintain a driving record acceptable to EWS' insurance carrier. Harris signed the handbook and was generally aware of his employer's policy.

It is reasonable under any standard to say that a professional driver must maintain a driving record that allows him to do his job. Harris was discharged for misconduct in connection with his employment. He had control over the conduct that resulted in him being disqualified from doing his job. He violated a condition of his employment and rendered himself useless to his employer. He should not be entitled to unemployment benefits.