127 P.3d 165

Taniela F. KIVALU, Claimant–Appellant,

v.

LIFE CARE CENTERS OF AMERICA, dba Life Care Center of Boise, Employer, and State of Idaho, Department of Commerce & Labor, Respondents.

No. 31442.

Supreme Court of Idaho,
Boise, December 2005 Term.

Dec. 28, 2005.

Taniela Fakalolo Kivalu, Boise, Pro Se appellant.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondents Idaho Department of Commerce & Labor.

JONES, Justice.

Taniela Kivalu appeals the Idaho Industrial Commission's decision holding him ineligible for unemployment insurance benefits. We affirm.

### I.

Kivalu was employed as a licensed practical nurse at Life Care Center of Boise for approximately two years. In May 2004 he was disciplined twice for two separate errors he committed in the administration of medication. Kivalu was advised that any further errors of this nature would result in his discharge.

During a 10–hour shift that began at 4:00 p.m. on June 11, 2004, Kivalu pre-completed a patient's (Patient) chart stating that he had given the Patient morphine at 4:00 a.m. and 6:00 a.m. on June 12. However, the Patient died at 3:15 a.m., before Kivalu could have administered the two doses. The next day, when Kivalu's supervisor, Leslie Carlson, learned about Kivalu's notation, she discharged him. Carlson concluded that Kivalu's behavior violated the Employer's policy, as well as applicable state regulations, concerning the charting and administration of narcotics. The Employer's policy required the nursing staff to chart medications as they were given.

Following his termination, Kivalu sought unemployment insurance benefits. Benefits were denied based on a finding under I.C. § 72–1366(5) that Kivalu was "discharged for misconduct in connection with his employment." Kivalu appealed this decision. The Appeals Examiner with the Idaho Department of Commerce and Labor found Kivalu was discharged for misconduct and was, therefore, ineligible for benefits. Kivalu once again appealed and the Industrial Commission affirmed the Appeals Examiner's decision.

### II.

When considering an appeal from the Industrial Commission, this Court exercises free review over the Commission's legal conclusions, but is limited in its review of the Commission's findings of fact. *Stewart v. Sun Valley Co.*, 140 Idaho 381, 384, 94 P.3d 686, 689 (2004) (citations omitted). The Commission's findings of fact will not be disturbed on appeal so long as they are supported by substantial and competent evidence. *Harris v. Electrical Wholesale*, 141 Idaho 1, 3, 105 P.3d 267, 269 (2004) (citations omitted). In unemployment insurance benefits cases, whether a claimant was discharged for misconduct in connection with his employment is a question of fact that "will be upheld unless not supported by substantial and competent evidence." *Harris*, 141 Idaho at 3, 105 P.3d at 269.

In the current case, we address whether Kivalu was properly discharged for misconduct in connection with his employment. Kivalu also asks this Court to determine whether he was the individual who pre-notated the Patient's vital signs for 4:00 a.m. and 6:00 a.m. This issue need not be addressed because the pre-notated vital signs were not discovered until after Kivalu's termination and were not considered in Life Care Center's decision to terminate him.

### III.

Idaho Code Section 72–1366(5) provides that a claimant is ineligible for unemployment insurance benefits when the claimant was "discharged for misconduct in connection with his employment." I.C. § 72–1366(5). Misconduct for which unem-

ployment benefits can be denied has been defined by this Court and by statute as (1) a "willful, intentional disregard of the employer's interest;" (2) a "deliberate violation of the employer's reasonable rules;" or (3) a "disregard of a standard of behavior which the employer has a right to expect of his employees." Idaho Admin. Code 09.01.30.275.02; *Harris v. Electrical Wholesale,* 141 Idaho 1, 3, 105 P.3d 267, 269 (2004); *McAlpin v. Wood River Medical Center,* 129 Idaho 1, 5–6, 921 P.2d 178, 182–83 (1996) (citation omitted). The burden of proving the alleged misconduct is on the employer. *Appeals Examiner of Idaho Dept. of Labor v. J.R. Simplot Co.,* 131 Idaho 318, 320, 955 P.2d 1097, 1099 (1998).

 Kivalu violated a standard of behavior of Life Care Center that the employer had a right to expect of him. The standard of behavior was contained in a written policy that required employees to "[i]nitial each medication in the correct box on the MAR [Medication Administration Rand] as each medication is poured." The policy also stated: "As you pour each pill into the medication cup, place a dot or slash in the accompanying box on the M.A.R. After administering the medication, return immediately and chart your initials (per Idaho Board of Nursing & Bureau of Facility Standards)." Kivalu failed to follow this policy when he pre-completed the Patient's chart, stating he had given her morphine at 4:00 a.m. and 6:00 a.m. Kivalu could not have administered this drug at these times because the Patient expired at 3:15 a.m.

Kivalu was aware of the policy, but explains that his violation was justified under the circumstances. He said he used his own judgment and made a conscious decision to pre-complete the Patient's chart in order to save time throughout his busy night. As found by the Commission, there was nothing in the record to suggest that Life Care Center of Boise had any permissible shortcuts to its medication administration policy. Instead, Kivalu's conscious decision to violate the policy was done in complete disregard of the expected behavioral standard.

Given the Idaho regulations regarding medication administration, Life Care Center's policy was reasonable. Idaho Administrative Code 16.03.02.200.03(c) states:

"[n]ursing staff shall document on the patient/resident medical record ... the administration of medications ... at the time the action occurs ..." Further, Idaho Administrative Code 16.03.02.201.04(a) provides that an "accurate and complete record of all medication given ... shall be recorded in the patient's/resident's chart." Both rules require the person administering the medication to document and initial the notation at the time the medication is given. Idaho Admin. Code Secs. 16.03.02.200.03(c), 16.03.02.201.04(a). Life Care Center's policy, requiring the nursing staff to chart medication as it is administered, is in compliance with Idaho law and certainly one which the employer had a right to expect him to follow. Consequently, we uphold the denial of unemployment benefits based upon Kivalu's deliberate disregard of the standard of behavior established by the policy.

**IV.**

The Industrial Commission's decision is affirmed.

Chief Justice SCHROEDER, Justices TROUT, EISMANN and BURDICK concur.