132 P.3d 412

**Philip P. DESILET, Claimant–Appellant,**

v.

**GLASS DOCTOR, Employer and State of Idaho, Idaho Commerce & Labor, Respondents.**

No. 31972.

Supreme Court of Idaho, Boise, January 2006 Term.

March 20, 2006.

---

Robert M. Meek, Boise, for Appellant.

Eberle, Berlin, Kading, Turnbow, McKlveen & Jones, Chtd., Boise, for Respondent Glass Doctor. Samuel A. Diddle argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for Respondent State of Idaho, Idaho Commerce & Labor. Evelyn B. Thomas argued.

TROUT, Justice.

This is an appeal from an Industrial Commission decision denying Claimant–Appellant, Philip P. Desilet, unemployment compensation benefits.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Desilet was employed by Glass Doctor to work as a glazier. Prior to hiring, Desilet was required to pass a pre-employment drug test, which he did successfully. Approximately a year later, Desilet was again asked to take a drug test. Desilet advised his supervisor that he would not be able to pass the test. His supervisor agreed not to administer the test at that time, but took away Desilet's company driving privileges. He

also asked Desilet to tell him when he was "clean" so the company could administer another random drug test. Several months later, Desilet advised his supervisor that he was clean and could pass a drug test. Glass Doctor waited about six months before requesting the test again, at which time Desilet tested positive for marijuana. As a result of failing the drug test, Glass Doctor discharged Desilet.

Desilet filed a claim for unemployment insurance benefits through the Idaho Department of Labor and received an eligibility determination finding he was discharged for misconduct in connection with employment and was therefore not eligible for benefits. Desilet filed a timely appeal to the Department of Labor. The appeals examiner reversed the eligibility determination, concluding the employer's standards and expectations were not adequately communicated to Desilet and he was therefore terminated without good cause.

Glass Doctor appealed the matter to the Industrial Commission, which conducted a de novo review of the record in the case. The Industrial Commission adopted all of the appeals examiner's findings and added one additional finding. Based on these findings, however, the Commission determined that Glass Doctor clearly communicated its expectation that Desilet pass random drug tests and reversed the decision of the appeals examiner, concluding Desilet was not entitled to benefits. Desilet filed this appeal.

## II.

### STANDARD OF REVIEW

██ Although the Supreme Court will set aside an Industrial Commission's order if it is not supported by the record, this Court will not overrule the Commission's findings solely on the ground that it might have reached a different conclusion. *Folks v. Moscow Sch. Dist. 281*, 129 Idaho 833, 933 P.2d 642 (1997). When the Supreme Court reviews an Industrial Commission decision in an unemployment compensation matter, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings; substantial and competent evidence is relevant evidence which a reasonable mind might accept to support a conclusion. *Oxley v. Medicine Rock*, 139 Idaho 476, 80 P.3d 1077 (2003). Whether an employee's behavior constitutes misconduct in connection with employment, so as to disqualify the employee from receiving compensation benefits, is a factual determination that will be upheld unless not supported by substantial and competent evidence. *Harris. v. Elec. Wholesale*, 141 Idaho 1, 105 P.3d 267 (2004).

## III.

### ANALYSIS

On appeal, this Court will address whether the Industrial Commission erred in concluding Desilet's discharge was for misconduct in connection with his employment and in denying him unemployment benefits. We also briefly address Desilet's argument that an employer's failure to comply with the Idaho Private Employer Alcohol and Drug–Free Workplace Act should result in an employee's automatic entitlement to benefits.

### 1. Discharge for Misconduct

██ When an employer discharges an employee, the worker is entitled to unemployment benefits if "unemployment is not due to the fact that he left his employment voluntarily without good cause connected with his employment, or that he was discharged for misconduct in connection with his employment." I.C. § 72–1366(5). "Misconduct is defined as a willful, intentional disregard of the employer's interests; a deliberate violation of the employer's rules; or a disregard of the standards of behavior which the employer has a right to expect of its employees." *Harris*, 141 Idaho at 3, 105 P.3d at 269.

██ The Commission found that Desilet's conduct disregarded the standard of behavior Glass Doctor had a right to expect. For misconduct in standard-of-behavior cases, this Court applies a two-prong test: (1) whether claimant's conduct fell below the standard of behavior expected by the em-

ployer; and (2) whether the employer's expectations were objectively reasonable in the particular case. *Welch v. Cowles Publ'g Co.,* 127 Idaho 361, 364, 900 P.2d 1372, 1375 (1995). With regard to the first prong, it was Glass Doctor's expectation that employees would take and pass periodic random drug tests. Clearly, in failing the drug test, Desilet's conduct fell below the standard of behavior Glass Doctor expected.

■ Analyzing the second prong, an "employer's expectations are ordinarily reasonable only where they have been communicated to the employee." *Folks,* 129 Idaho at 838, 933 P.2d at 647. "The question of whether an employer's expectations are objectively reasonable in a particular case is generally a question of fact, and the Commission's determination in this regard will not be disturbed on appeal if it is supported by substantial and competent evidence in the record." *Harris,* 141 Idaho at 4, 105 P.3d at 270.

Here, the Commission found Glass Doctor clearly communicated its expectation that its employees pass random drug tests and, moreover, that a reasonable person would understand that if an employer was willing to go through the trouble and expense of drug testing, failing a drug test could lead to termination. Desilet, on the other hand, claims he was unaware that failing a drug test could result in his discharge and further, Glass Doctor did not clearly communicate its expectation that employees cannot use drugs during *non-working* hours. Desilet also argues smoking marijuana *outside of work* does not constitute work-related misconduct.

There is no question that Desilet clearly understood the importance of passing the drug test as part of his employment. Passing a pre-employment drug test was part of the initial hiring process by Glass Doctor. After declining to take the first after-hire drug test, Desilet's supervisor revoked his company driving privileges. In addition, Desilet admitted his supervisor informed him that he would be given another drug test in the future. Desilet was aware that Glass Doctor expected him to pass the drug tests and the serious consequences that could result if he failed. Moreover, drug tests do not distinguish between drug use during working and non-working hours. In order for an employee to pass a drug test, the employee cannot use drugs, regardless of the time of day. Therefore, this Court is not persuaded by Desilet's argument that Glass Doctor did not communicate its expectation that employees would not use drugs outside of work, as this is part and parcel of the expectation that its employees pass drug tests.

Finally, in response to Desilet's argument that using drugs during non-working hours is not sufficiently work related, this Court has held that off-duty conduct can be considered work-related when it is "so closely connected with the business interests of the employer as to warrant disqualification for unemployment benefits." *Beaty v. City of Idaho Falls,* 110 Idaho 891, 892, 719 P.2d 1151, 1152 (1986). The Commission concluded Glass Doctor's "interest in keeping its employees who work with glass and drive company vehicles not only unimpaired, but free from illegal drugs is the type of closely connected legitimate business interest the Court contemplated in *Beaty.* ..."

We uphold the Commission's finding that Desilet was discharged for misconduct in connection with his employment and, therefore, is not entitled to unemployment benefits. There is substantial and competent evidence to support the Commission's finding that requiring the drug test was objectively reasonable and was adequately conveyed to the employee and therefore, Desilet's conduct disregarded the standard of behavior Glass Doctor had the right to expect.

## 2. Idaho Private Employer Alcohol and Drug–Free Workplace Act

■ Desilet argues that because Glass Doctor did not comply with the Idaho Private Employer Alcohol and Drug–Free Workplace Act, I.C. § 72–1701, et seq. (the Act), he is automatically entitled to benefits. The Act establishes drug and alcohol testing guidelines. Compliance with the Act, however, is voluntary and if complied with, provides the benefit that an employee who is discharged for failing a drug test, will be deemed to have committed misconduct under the employ-

ment as defined in I.C. § 72–1366. If an employer does not comply, this simply means the employer does not get the benefit of the presumption, but it does not automatically entitle an employee to benefits. Rather, the employer may still establish misconduct in connection with employment under I.C. § 72–1366(5).

## IV.

### CONCLUSION

We affirm the Industrial Commission's decision denying Desilet unemployment benefits. We award costs on appeal to Respondents.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.