## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 37368

| | | |
|---|---|---|
| TRACY E. FEARN, | ) | |
| | ) | |
| Claimant-Respondent, | ) | Boise, May 2011 Term |
| | ) | |
| v. | ) | 2011 Opinion No. 72 |
| | ) | |
| DAVID C. STEED and MARSHA STEED, | ) | Filed: June 13, 2011 |
| | ) | |
| Respondents-Appellants, | ) | Stephen Kenyon, Clerk |
| | ) | |
| and | ) | |
| | ) | |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondent-Respondent on Appeal. | ) | |

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

Holden, Kidwell, Hahn & Crapo, P.L.L.C., Idaho Falls, for appellants. DeAnne Casperson argued.

Rigby, Andrus & Rigby, Rexburg, for respondent Tracy E. Fearn. Hyrum Erickson argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Idaho Department of Labor. Tracey K. Rolfsen argued.

_____

HORTON, Justice

This case is an appeal from the Idaho Industrial Commission (the Industrial Commission or Commission) by David C. Steed (Steed) and Marsha Steed (collectively the Steeds). The Steeds are the former employers of Tracy Fearn (Fearn). Fearn handed in her resignation on April 1, 2009, with her last day to be April 8, 2009. On April 3, 2009, she sent an email that included her personal contact information to approximately 7,500 sales contacts. Upon finding out about this email, the Steeds terminated Fearn's employment. Following consideration by the Idaho Department of Labor (IDOL), an appeals examiner, and twice by the Industrial

Commission, the Commission determined that the Steeds had failed to show that Fearn was discharged for misconduct. The Steeds now appeal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Steeds own a business that resells agricultural, forestry, transportation, and material handling equipment. Fearn was initially hired by the Steeds in January 2002, after meeting through their church. Fearn was initially employed as an office helper but eventually became a salesperson. During this time, Steed, who ran the business, made comments about Fearn's attendance at church, inquired into her romantic life, and lectured her about her son, her church attendance, and her finances. Fearn approached Steed about these comments, telling him that these issues were none of his business, but the comments continued. Fearn has also argued that she was treated differently from the other salespersons and paid a different commission.

On April 1, 2009, Fearn gave notice that she was resigning. Steed and Fearn agreed that Fearn would work shortened hours and receive full pay until April 8, 2009. On April 3, 2009, Fearn sent an email to approximately 7,500 sales contacts stating that she would be leaving the company. After receiving ten to fifteen calls asking why she was leaving, Fearn sent a second email to the sales contacts giving her personal contact information. Steed concluded that the second email was intended to steal these clients and discharged Fearn on April 6.

Fearn applied for unemployment benefits. The IDOL concluded that Fearn had quit without good cause and was ineligible for benefits. Fearn then filed an appeal, and an appeals examiner held a hearing on May 28, 2009. The appeals examiner issued a decision affirming the finding that Fearn quit without good cause.

Fearn then appealed to the Industrial Commission. The Commission conducted a de novo review of the record, although the Commission denied Fearn's request for additional witnesses. On August 31, 2009, the Commission issued its Decision and Order, basing its decision on an examination of whether Fearn had quit with good cause. The Commission concluded that Fearn had failed to show that she was treated differently with regard to sales credit and that the disputes between Steed and Fearn over her performance did not constitute good cause. However, the Commission found that the pattern of Steed's comments about Fearn's religion and personal life did constitute good cause to quit. It found that her attempts to resolve the issue on multiple occasions exhausted all viable options to address the problem. Consequently, the Commission determined that Fearn was eligible for unemployment benefits.

The Steeds timely moved for reconsideration, arguing that the Commission erred in determining Fearn's eligibility based on her reasons for resigning but should have, instead, looked to the reasons for her termination. They further argued that substantial and competent evidence did not support the Commission's finding that Fearn had good cause to quit. In reaching its decision, the Commission's factual findings included the following:

> That Fearn had never been told that she had to have Steed review all of her emails.

> That the expectation that a supervisor review all emails does not flow normally from the employment relationship.

> That emailing sales contacts did not violate any communicated expectations or expectation that naturally flowed from the employment relationship.

> That Fearn has not stated or implied that she would be working for someone else.

> That her email did not violate any rule that was in place.

> That the email did not state or imply that Fearn would be working for someone else.

The Industrial Commission found that the Steeds were correct that Fearn's eligibility should have been based on the reasons for her termination. However, the Commission found that the Steeds had not met their burden of showing that Fearn was discharged for employment-related misconduct. The Steeds now appeal. We affirm.

## II. STANDARD OF REVIEW

> When this Court reviews a decision of the Industrial Commission, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous.

*Eacret v. Clearwater Forest Indus.*, 136 Idaho 733, 735, 40 P.3d 91, 93 (2002) (citations omitted). "The burden of proving misconduct by a preponderance of the evidence falls strictly on the employer, and where the burden is not met, benefits must be awarded to the claimant." *Adams v. Aspen Water, Inc.*, 150 Idaho 408, __, 247 P.3d 635, 640 (2011) (quoting *Harris v. Elec. Wholesale*, 141 Idaho 1, 3, 105 P.3d 267, 269 (2004)).

## III. ANALYSIS

The Steeds raise two issues on appeal. First, they discuss whether the Industrial Commission was correct in determining that Fearn's firing was not for misconduct. Second, they

raise the issue of whether Fearn resigned for good cause. The Industrial Commission decided the case on reconsideration based on IDAPA 09.01.30.450.08.[1] IDAPA 09.01.30.450.08 states: "**Unrelated Discharge Prior to Pending Resignation**. A claimant, discharged before a pending resignation has occurred, for reasons not related to the pending resignation, shall have his eligibility determined on the basis of the discharge, not on the pending resignation." As the parties agree that IDAPA 09.01.30.450.08 applies to the present case, we address only the question of whether Fearn was discharged for misconduct and do not reach the question of whether she had good cause to resign.

> Idaho Code Section 72-1366(5) provides that a claimant is ineligible for unemployment insurance benefits when the claimant was discharged for misconduct in connection with his employment. Misconduct for which unemployment benefits can be denied has been defined by this Court and by statute as (1) a willful, intentional disregard of the employer's interest; (2) a deliberate violation of the employer's reasonable rules; or (3) a disregard of a standard of behavior which the employer has a right to expect of his employees. The burden of proving the alleged misconduct is on the employer.

*Kivalu v. Life Care Ctrs. of Am.*, 142 Idaho 262, 263-64, 127 P.3d 165, 166-67 (2005) (internal quotations and citations omitted). The Industrial Commission found that Fearn was not discharged for misconduct. On appeal, the Steeds argue that the Commission erred by not finding that the first (willful and intentional disregard of the employer's interest) and third (disregard of a standard of behavior) potential definitions of misconduct were satisfied.

In reaching its conclusion, the Industrial Commission noted that "[a]t no point does [Steed] claim that it communicated to [Fearn] the expectation that someone review every e-mail before it was sent." It likewise relied on the fact that the email included no disparaging comments, offering only her private contact information, and concluded that "[a]ny speculation as to what the customers implied from the e-mail is pure speculation on [the Steeds'] part."

---

[1]  The parties only argued the question of whether Fearn quit for "good cause" as defined by IDAPA 09.01.30.450.03 during the hearing before the appeals examiner and in the initial petition to the Industrial Commission. This Court has repeatedly held that "Appellate court review is 'limited to the evidence, theories and arguments that were presented . . . below.'" *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) (quoting *State v. Vierra*, 125 Idaho 465, 468, 872 P.2d 728, 731 (Ct. App. 1994)). However, the Industrial Commission is not bound by this limitation and the comments to the Rules of Appellate Practice and Procedure under the Idaho Employment Security Law state that "a request for reconsideration will ask that the Commission reexamine its decision in light of additional legal arguments, a change in law, a misinterpretation of law, or an argument or aspect of the case that was overlooked." Rule of Appellate Practice and Procedure under the Idaho Employment Security Law 8, cmt. F.

In addition, all of the parties cite Fearn's testimony regarding her decision to send the email:

> [T]here is an original e-mail that I sent out that said I would no longer be with the company. There was a second e-mail that had my cell phone that said they could contact me on that if they wanted to and the reason I said that was because I – between sending that first email saying I would no longer be with the company, I had ten or 15 phone calls from my customers wanting to know what I was doing, why I was leaving, what's going on and I told them I didn't feel politically correct discussing the matter with them until I was no longer with the business and that was the intent and why I sent the e-mail with the cell phone saying call me after I am not here.

The evidence in the record supports the Commission's finding. It suggests that Fearn sent the email, not to compete with Steed, as he stated in his dismissal of Fearn, nor to disparage her employer, as the Steeds now argue on appeal, but to avoid talking about her reasons for leaving until she had left her position. The Industrial Commission's determination that Fearn did not willfully disregard the Steeds' interests is supported by substantial and competent evidence.

The Steeds argue that "Fearn admitted to the Appeals Examiner that she wanted Steed's clients to have her contact information because she intended to tell them she was harassed and discriminated against, confirming her intentions to harm Steed's business and his relationships with his clients." This, they argue, violated Fearn's duty of loyalty to the company. First, we note that the case the Steeds cite, *R Homes Corp. v. Herr*, 142 Idaho 87, 123 P.3d 720 (Ct. App. 2005), is not a case involving a dismissal for misconduct, and we have been unable to locate any case appealed from the Industrial Commission that has invoked the duty of loyalty.

However, assuming that the generalized duty of loyalty was applicable to the question of misconduct, the Industrial Commission's finding is supported by substantial and competent evidence. Contrary to the Steeds' assertion, Fearn did not send the email "because she intended to tell them she was harassed and discriminated against" but rather because Fearn had been contacted about her prior email stating that she was leaving and wanted to avoid saying anything about her reasons for leaving while she was still employed by the Steeds. She testified that she sent the email to avoid disparaging the Steeds. That testimony was apparently believed by the Commission and provides the substantial and competent evidence necessary to sustain the Commission's decision.

The Steeds' argument that Fearn's email constituted "a disregard of a standard of behavior which the employer has a right to expect of his employees" fails for these same reasons.

The Industrial Commission concluded that the email was vague and did not necessarily lead to any conclusion as to why Fearn was leaving nor what she would say if contacted. In addition, there is evidence suggesting that Fearn was attempting to avoid disparaging Steed while still employed. The Commission further found that there is no generalized expectation that a supervisor review all emails. Together, these provide the substantial and competent evidence required for the Commission's finding.

We find that the Industrial Commission's determination that Fearn was not discharged for misconduct is supported by substantial and competent evidence. We therefore affirm.

## IV. CONCLUSION

We hold that the Industrial Commission's determination that Fearn was not terminated for misconduct is supported by substantial and competent evidence. Costs to Fearn and the IDOL.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.