**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERMAN ANDERSON, | No.   14-35300 |
| Plaintiff-Appellant, | D.C. No. 4:11-cv-00639-BLW |
| v. | |
| THOMPSON CREEK MINING CO., a Colorado corporation doing business in Idaho, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted October 4, 2016
Seattle, Washington

Before:  W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

Sherman Anderson appeals the district court's grant of summary judgment

to Thompson Creek Mining Co ("TCM"). We affirm the ruling of the district court.

1.  We review de novo the district court's grant of summary judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Black Star Farms LLC v. Oliver*, 600 F.3d 1225, 1229 (9th Cir. 2010). Anderson

alleges a cause of action against TCM, because TCM failed to discharge its

statutory duties under Idaho Code section 72-1706, instead terminating Anderson.

However, we agree with the district court that Idaho Code section 72-1706 does

not expressly provide a private cause of action to employees fired for a positive

drug test. Instead, by its very terms, the statute "establishes voluntary drug and

alcohol testing guidelines for employers." Section 72-1701(1). The Idaho Supreme

Court has explained that an employer's failure to comply with the statute "simply

means the employer does not get the benefit of the presumption" that an employee

fired for failing a drug test will be deemed to have committed misconduct. *See*

*Desilet v. Glass Doctor*, 132 P.3d 412, 415-16 (Idaho 2006).

We also agree that the statute does not imply a cause of action. Where a

statute does not explicitly provide for a private cause of action, Idaho courts rely

on Restatement (Second) of Torts § 874A to determine whether a cause of action

should be judicially inferred. *See, e.g.*, *White v. Unigard Mut. Ins. Co.*, 730 P.2d

1014, 1021 (Idaho 1986). That section provides that a statute may imply a cause of

action if it (1) proscribes or requires conduct, (2) that protects a class of persons,

(3) but does not provide a civil remedy. Restatement (Second) of Torts § 874A. As

above explained, the statute does not proscribe or require conduct and does not

2

provide a civil remedy. Compliance with it is voluntary. Therefore, Anderson does not have a cause of action under the statute, and the district court properly dismissed his claim.

2. We cannot consider Anderson's claim under Idaho Code section 72-1711(1). Anderson did not raise a claim under section 72-1711(1) in his second amended complaint or motion for summary judgment. Instead, Anderson briefly mentioned section 72-1711(1) in his motion for reconsideration. However, "abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**AFFIRMED.**