JONES, J.,
dissenting.
I respectfully dissent. My view is that the employer, NYK Line, failed to establish either that Chapman deliberately violated its rules or that she disregarded standards of behavior which it had a right to expect of her. Further, there is no substantial and competent evidence in the record that Chapman “failed to comply with an investigation.” I would reverse the Industrial Commission determination.
The Commission concluded that Chapman was ineligible for unemployment compensation benefits based on its determination that she was discharged for misconduct in connection with her employment. Misconduct for which unemployment benefits can be denied has been defined by this Court as (1) a willful, intentional disregard of the employer’s interest, (2) a deliberate violation of the employer’s reasonable rules, or (3) a disregard of a standard of behavior which the employer has a right to expect of his employees. Kivalu v. Life Care Ctrs. of America, 142 Idaho 262, 263-64, 127 P.3d 165, 166-67 (2005); IDAPA 09.01.30.275.02. The Commission based its decision on the latter two grounds — that Chapman “deliberately disregarded employer’s rules” and that she “violated the standards of behavior that Employer has a right to expect from its employees.” Both the rule and the standard of behavior relied upon by the Commission are embodied in a written policy of NYK Line, requiring *184 employees to “comply with investigations.” As stated by the Commission:
Employer discharged Claimant for failure to comply with an investigation as provided for in its written policy. The policy states that “Failure to comply with investigations” is prohibited conduct for which immediate termination may be appropriate.
Three questions present themselves: (1) whether the record contains substantial and competent evidence that NYK Line had a rule or standard of behavior prohibiting the recording of this type of interview; (2) whether Chapman failed to comply with the investigation; and (3) assuming that Chapman agreed not to record the interview, whether her breach of such agreement constitutes a breach of an employer rule or standard of behavior. The questions will be dealt with in the order stated.
NYK Line’s policy requiring compliance with investigations says nothing about whether or not an investigative interview may be recorded by anyone involved. During oral argument, counsel for NYK Line candidly admitted that the company had no rule prohibiting the secret recording of an interview such as that involved in this case. However, NYK Line contended that the investigator, Ms. Leaehman, when setting the ground rules for the interview, had the authority, acting on its behalf, to establish an employer rule or standard of behavior, the violation of which would constitute misconduct. In his findings of fact, the appeals examiner set out the alleged rule or standard of behavior as follows:
When the claimant met with Ms. Leach-man, the claimant asked Ms. Leaehman if she could record the meeting. Ms. Leach-man stated, “No.” Ms. Leaehman explained that she did not want to have her interviews recorded because of the potential for a breach of confidentiality and because in Ms. Leachman’s experience she found that the people she interviewed tended to be more guarded and less forthcoming when the meeting was being recorded. The claimant agreed not to record the interview.
The Commission adopted this and the other findings of the appeals examiner.
The question, then, is whether the investigator possessed the authority to establish an employer rule or standard of behavior that prohibited the secret recording of the interview. Although NYK Line contends that Ms. Leaehman had the authority to adopt such a rule or standard of behavior, the Commission’s findings on the issue are in conflict. The Commission first states in its Decision and Order, “Employer hired Tansom Leaehman ... as an independent outside investigator to investigate Claimant’s complaints.” Later on in the Decision and Order, however, the Commission refers to Ms. Leaehman as “an authorized agent of employer conducting the investigation.” These two findings appear to be at odds— one would not assume that an independent outside investigator would have the authority to adopt and implement rules or standards of behavior binding on the employees. Indeed, there is no specific finding in the Decision and Order indicating that, even if Ms. Leach-man was an authorized agent, she had the authority to adopt rules and standards of behavior on behalf of the employer. Although the Commission identifies Ms. Leach-man’s request that the interview not be recorded as a policy of the employer, it also specifically referred to that policy as “Ms. Leachman’s policy.” Because (1) NYK Line had no specific policy prohibiting an employee from secretly recording an investigatory interview, (2) the Commission has failed to identify evidence supporting the conclusion that Ms. Leaehman had the authority to adopt a rule or standard of behavior in that regard, and (3) the Commission’s findings are in conflict on that specific issue, the Commission erred in determining that such a rule or standard of behavior existed.
Nor is there substantial and competent evidence in the record to support the conclusion that Chapman failed to comply with the investigation. Ms. Leaehman successfully concluded her investigation, finding no evidence that Chapman had been subjected to a hostile work environment or unlawful retaliation. Ms. Leaehman indicated she did not wish to have the interview recorded because of her concerns regarding confidentiality and because of her experience that people tended *185 to be more guarded and less forthcoming when an interview is being recorded. There is no indication in the record that either of these concerns were implicated in Chapman’s recording of a part of the interview. We have only the interviewer’s eonclusory statements as to why recording might not, as a general rule, be desirable. One can make an equally good argument that a verbatim record is much to be preferred and, indeed, that argument is frequently made before this Court, particularly in criminal proceedings. A recording documents exactly what was said, eliminating later interpretative spin by the parties. As a matter of fact, this Court demands an accurate verbatim record in all appellate proceedings. Since there is no evidence indicating that the secret recording of a portion of the interview resulted in a compromise of the investigation, there is no ground for finding that Chapman failed to comply with the investigation.
Indeed, aside from Chapman’s recording activity, the Commission found no fault with her compliance. According to the Commission:
Claimant accurately argues that Employer’s policy regarding the failure to comply with an investigation lacks any definition of what acts might constitute such failure. However, we agree with Employer that recording the interview without authorization would be an act that constitutes a failure to comply with the investigation. Claimant repeatedly emphasized that in all other respects she cooperated with the interview and the investigation. We have no reason to doubt that.
The Commission did go on to assert that the secret recording jeopardized the integrity of the interview, but failed to identify any evidence indicating that to be the case.
Further, there is certainly no public policy in the State of Idaho that would prohibit either an employer or an employee from recording conversations or interviews between them. Idaho’s Communications Security Act, Idaho Code §§ 18-6701 to 6725, specifically declares it to be lawful for a person to record an oral conversation with the consent of one party to the conversation. Idaho Code § 18-6702(2)(d). Of course, an employer could implement such a policy but, as noted above, that does not appear to have occurred in this case.
Although Chapman denies having purposely recorded any part of the interview, the Commission found, based on conflicting evidence, that she had. The question then becomes, whether Chapman violated a standard of behavior of her employer by failing to carry through with the commitment that she would not record the interview. An employer certainly has the right to expect that an employee will be honest and straightforward in responding to an investigation, particularly when there is a written policy requiring employees to comply with investigations. However, while it was certainly not commendable of Chapman to state that she would not record the interview and then go on to do so, there is no indication that she lied with regard to any question relating to the substance of the investigation. The breach of her commitment to refrain from recording was with respect to a peripheral matter regarding the procedure of the interview and not its substance.
Where the employer had no stated rules regarding the permissibility of recording such an interview and where we are concerned with the expectations of the independent outside investigator, instead of any expectations of the employer in that regard, it does not appear that the requirements for a standard-of-behavior case have been met. “Under the standard of behavior test, [the employer] must prove by a preponderance of the evidence that (1) claimant’s conduct fell below the standard of behavior expected by the employer; and (2) that its expectations were objectively reasonable in [the] particular case.” Harris v. Electrical Wholesale, 141 Idaho 1, 4, 105 P.3d 267, 270 (2004). “The employer’s expectations must be communicated to the employee unless they flow naturally from the employment relationship.” Pimley v. Best Values, Inc., 132 Idaho 432, 435, 974 P.2d 78, 81 (1999). The record reflects what Ms. Leachman’s expectations were but it does not disclose that those expectations were those of the employer or that they were properly attributable to the employer.
*186 In sum, it does not appear to me that NYK Line presented substantial and competent evidence that Chapman engaged in misconduct such that she should be deprived of unemployment insurance benefits. The record does not establish that NYK Line had a policy prohibiting the secret recording of investigatory interviews or that its independent outside investigator had the ability to implement such a policy on its behalf. Any lack of candor on the part of Chapman was with respect to a peripheral matter — whether or not it was appropriate to record the interview — and not a matter relating to the substance of the interview. There is no evidence in the record that Chapman either compromised or failed to comply with the investigation. I would reverse the Commission’s decision.
Justice BURDICK concurs.