109 P.3d 726

**Richard F. BUCKHAM, Claimant–Appellant,**

v.

**IDAHO ELK'S REHABILITATION HOSPITAL, Employer, and State of Idaho, Department of Labor, Respondents.**

**No. 30440.**

Supreme Court of Idaho,
Boise, January 2005 Term.

Feb. 28, 2005.

**2.** Justice Kidwell voted to concur prior to his retirement on January 1, 2005.

Richard F. Buckham, Boise, appellant, pro se, argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondent Idaho Elk's Rehabilitation Hospital. Jill Marie Twedt argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent Department of Labor.

BURDICK, Justice.

Richard F. Buckham, formerly an employee of Idaho Elk's Rehabilitation Hospital, (the Hospital) appeals the denial of his unemployment compensation claim by the Idaho Department of Labor and the Idaho Industrial Commission. The Industrial Commission's finding that Buckham left his employment without good cause was based on substantial and competent evidence, and therefore we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Buckham was employed by the Hospital from November of 2000 until August of 2003. At the time of separation his position was that of dietary manager. In June and July of 2003 Buckham took two leaves of absence, the first to undergo a splenectomy, and the second for back surgery. He worked for one week before the second surgery, and after that surgery he took three weeks off work to recover.

On July 14, 2003, Buckham notified the Hospital that his doctor had completed a return to work form permitting him to return to work on July 21 with certain physical restrictions. On July 15, however, the Hospital informed Buckham it would not take him back until he received a full release from his physician. The following day, and while Buckham was still on medical leave, Buckham's superiors composed a written reprimand detailing various alleged failings in his work performance to present to him after he returned. During Buckham's absence the Hospital also hired a part-time dietary manager with responsibilities that mirrored his own.

On July 25, the Hospital again contacted Buckham, informing him that he could return to work the following Monday, July 28. Buckham asserts that his supervisor, Joy Christiansen, behaved particularly coldly towards him after he returned from medical leave. Buckham alleges that he first learned a new dietary manager had been hired from his co-workers, who were surprised to see Buckham return because they thought the new manager was his replacement. Christiansen explained to Buckham that the new dietary manager was hired to assist him in case she or other staff were absent.

On August 5, Buckham was presented with the written reprimand that had been created during his period of medical leave. The reprimand, styled as a "warning," criticized Buckham's work performance in a number of areas, and stated that Hospital management had "lost confidence in [his] ability to do the job." Among the directives from Hospital management included with the reprimand was a requirement that Buckham complete the dietary manager certification process within the following 12 months.

Another incident of concern to Buckham was that Christiansen was withholding the final two paychecks of a former employee until that employee located and turned in his Hospital issued name badge. Buckham contacted the Department of Labor and was informed that Christiansen's decision to withhold an employee's paycheck was not legally permissible. When Buckham went to Chris-

tiansen about this matter she refused to discuss it with him. Buckham did not report this incident to anyone else, nor did he pursue the Hospital's internal grievance procedures with respect to this or any of his other work related concerns until after his separation from employment.

On August 7, Buckham voluntarily quit his position with the Hospital, giving notice that August 20 would be his last day. Christiansen accepted his resignation as effective immediately, but the Hospital nevertheless paid Buckham through the twentieth of the month.

Buckham applied for unemployment benefits, but his application was denied by the Department of Labor based on a finding that he had voluntarily left his employment without good cause. Buckham appealed the decision, and a hearing was conducted before a Department of Labor Appeals Examiner. The Appeals Examiner affirmed that Buckham was ineligible for benefits. Buckham next appealed to the Industrial Commission, and submitted additional materials. Neither party requested a second hearing. Based solely on the transcript of the prior hearing and record that had been before the Appeals Examiner, the Industrial Commission found that Buckham left his employment without good cause and was therefore ineligible for unemployment benefits.

Buckham's timely filed appeal from the decision of the Industrial Commission is presently before this Court.

## II. STANDARD OF REVIEW

When reviewing a decision of the Industrial Commission, this Court exercises free review over questions of law. *Uhl v. Ballard Medical Products, Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). Whether a claimant left his job for good cause in connection with his employment is a question of fact. *White v. Canyon Highway Dist. # 4*, 139 Idaho 939, 943, 88 P.3d 758, 762 (2004). The factual findings of the Industrial Commission will be upheld provided they are supported by substantial and competent evidence. *Uhl*, 138 Idaho at 657, 67 P.3d at 1269. "Substantial and competent evidence

is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* The conclusions reached by the Industrial Commission regarding the credibility and weight of evidence will not be disturbed unless the conclusions are clearly erroneous. *Hughen v. Highland Estates*, 137 Idaho 349, 351, 48 P.3d 1238, 1240 (2002). We will not re-weigh the evidence or consider whether we would have drawn a different conclusion from the evidence presented. *Id.*

## III. ANALYSIS

In order to qualify for unemployment benefits, a claimant who voluntarily left his job must demonstrate that his resignation was for "good cause connected with his employment[.]" I.C. § 72–1366(5); *Hughen*, 137 Idaho at 351, 48 P.3d at 1240. This Court has provided that

[i]n order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial, not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. The standard of what constitutes good cause is the standard of reasonableness as applied to the average man or woman.

*Beale v. State, Dept. of Employment*, 131 Idaho 37, 45, 951 P.2d 1264, 1272 (1997) (quoting *Burroughs v. Employment Sec. Agency*, 86 Idaho 412, 414, 387 P.2d 473, 474 (1963)). Idaho public policy reserves unemployment benefits for "those persons who find themselves unemployed 'through no fault of their own.' " *McAlpin v. Wood River Medical Center*, 129 Idaho 1, 5, 921 P.2d 178, 182 (1996) (quoting I.C. § 72–1302).

In seeking to show he left his position with the Hospital for good cause, Buckham has alleged that several work-related issues compelled his departure. The first of these was the Hospital's failure to permit Buckham to promptly return to work after he had been released to do so by his physician. The Hospital admits this was a "mistake," but points out that it corrected its error and a short time later Buckham was allowed to return to work without obtaining a "full" release.

Additionally, Buckham reports his relationship with his superiors, especially his supervisor, Christiansen, was noticeably colder after he returned from medical leave than it was previously. In his resignation letter Buckham asserted Christiansen became "distant" and she was "sho[r]t and rude [to him] in front of co-workers and customers." He further expressed that the "level of hostility in the department" made his resignation necessary.

Another concern cited by Buckham was the Hospital's decision to hire a part-time dietary manager during his absence. The new dietary manager was given responsibilities similar to those entrusted to Buckham. Buckham was troubled by this development both because he alleges when he had wished to work part-time he was told the position of part-time dietary manager did not exist, and because the new employee was included in decision-making that formerly—but no longer—included him.

In the reprimand that immediately preceded Buckham's separation from the Hospital, Buckham's superiors required that he obtain certification as a dietary manager in the following 12 months. Buckham was troubled by this requirement. In the hearing before the Appeals Examiner, Buckham testified that Christiansen had previously told him she was accepting his experience in lieu of formal certification.

Finally, Buckham asserts that Christiansen's decision to withhold the final two paychecks of one of Buckham's co-workers was improper and provided Buckham with good cause to leave his employment.

Establishing good cause requires the circumstances surrounding the claimant's departure to be "real, substantial and compelling." *Jensen v. Siemsen,* 118 Idaho 1, 4, 794 P.2d 271, 274 (1990). Here, the Industrial Commission noted Buckham's discomfort with his work environment, but found the issues he raised, including the delay in allowing Buckham to return to work, the tension between him and his supervisor, the hiring of a part-time manager with similar responsibilities, the certification requirement, and Buckham's discomfort with the withholding of an employee's paychecks, were insufficient—even in aggregate—to compel an average person to resign. Because the Industrial Commission's determination was based on substantial and competent evidence—or, more precisely, the weakness of evidence of compelling circumstances—this Court upholds the Commission's ruling.

## IV. CONCLUSION

In order to qualify for unemployment benefits after voluntarily separating from work, a claimant must demonstrate that his resignation was for "good cause connected with his employment[.]" I.C. § 72–1366(5). Although Buckham alleged conditions that created tension between himself and his former employer, acting on substantial and competent evidence the Industrial Commission found that those issues did not provide Buckham with good cause to leave his employment. Accordingly, this Court affirms the determination of the Industrial Commission regarding Buckham's ineligibility for unemployment benefits. Costs to respondent.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and JONES concur.