IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 37887

WILLIAM R. RIGOLI,                      )
                                        )
    Claimant-Appellant,             )    **Coeur d'Alene, September 2011**
                                        )
v.                                      )    **2011 Opinion No. 111**
                                        )
WAL-MART ASSOCIATES, INC., Employer )    **Filed: November 3, 2011**
and IDAHO DEPARTMENT OF LABOR,      )
                                        )    **Stephen W. Kenyon, Clerk**
    Respondents-Respondents on Appeal.  )
                                        )

Appeal from the Industrial Commission.

Industrial Commission ruling appellant was ineligible for unemployment benefits, affirmed.

Starr Kelso Law Office, Chtd., Coeur d'Alene, argued for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Tracey K. Rolfsen argued.

_____

BURDICK, Chief Justice

    This case concerns the Appellant William R. Rigoli's appeal from the Industrial Commission's decision finding him ineligible for unemployment benefits because he was discharged for misconduct in connection with his employment. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

    Appellant William R. Rigoli (Rigoli) was discharged on September 17, 2009 from his position as a toy department manager at Wal-Mart for using foul language and leaving before his assigned shift was completed. While at work on September 15, 2009, Rigoli had been asked to "step up" his work performance by an assistant manager in front of customers and co-workers. Rigoli was upset and insulted by the confrontation, coming after months of issues with this particular assistant manager regarding his work performance, and felt that he had enough and headed towards the time clock. When he reached the back room of the store he passed another assistant manager Matthew Laramie (Laramie) and let the assistant manager know that he was leaving. The assistant manager testified, after being told he could use abbreviations if he did not

feel comfortable using the actual language, that Rigoli told him that he did not have to take "this F'ing BS from anyone" and after being told to calm down, that it was "GD BS." After clocking out and heading home, Rigoli called the district manager for Wal-Mart to inform him of what had occurred at the store earlier. The district manager advised him to contact the store manager. When he reached the store manager, the store manager asked him to come in for a meeting during his next shift. Rigoli clocked in for his next shift on September 17, 2009, was told that he could meet with the store manager later, and after working for a half hour, was discharged by an assistant store manager for abandoning his job and using foul language, and told to return later to speak with the store manager for an exit interview.

Initially, Rigoli was determined by the Department of Labor to be eligible for unemployment benefits, but his employer appealed his eligibility and a telephonic hearing was held on October 27, 2009. Rigoli and Laramie testified at the hearing. Laramie shared his version of the conversation between himself and Rigoli and testified that Rigoli's comments were made in front of other employees. Rigoli testified that he had used foul language, that he had "had enough of this BS" and that he did not notice other employees in the area when he spoke with Laramie. On further questioning, Rigoli also stated that "everyone in the store knows you don't use foul language ever in the store. . . . [T]hat's one of the rules and we all abide by that, including me."

The Department of Labor appeals examiner concluded that Rigoli was discharged for misconduct that "fell below a standard of behavior the employer has a reasonable right to expect," and was ineligible for unemployment benefits. Rigoli appealed the decision to the Industrial Commission (Commission). The Commission filed its Decision and Order on February 4, 2010, affirming the appeals examiner's decision.

The Commission concluded that Rigoli's behavior was comparable to the behavior classified as misconduct by this Court in *Pimley v. Best Values, Inc.,* 132 Idaho 432, 974 P.2d 78 (1999). The conclusion was based on the findings that Rigoli had testified to using foul language, and that Laramie had testified that the foul language was used in front of other employees. The Commission further said it believed Rigoli's testimony that he did not see any other employees in the area during his use of foul language, but that it did not discredit Laramie's assertion, that it was possible that Rigoli did not see the employees that Laramie testified seeing, and that

2

Larimie's "assertions regarding the events [were] more credible in light of the entire situation." Rigoli timely appealed following the Commission's denial of his motion for reconsideration.

## II. ANALYSIS

This Court exercises free review over questions of law when it reviews a decision of the Commission. *Buckham v. Idaho Elk's Rehab. Hosp.*, 141 Idaho 338, 340, 109 P.3d 726, 728 (2005). "The Commission's determination whether an employee's behavior constituted misconduct is a factual determination that the Court will uphold if the determination is supported by substantial and competent evidence." *Ginther v. Boise Cascade Corp.,* 150 Idaho 143, __, 244 P.3d 1229, 1233 (2010). Evidence that is substantial and competent is relevant evidence "that a reasonable mind might accept to support a conclusion." *Buckham,* 141 Idaho at 340, 109 P.3d at 728. Only Commission conclusions that are clearly erroneous regarding credibility and weight of evidence will be disturbed on appeal. *Id.* This Court will not consider re-weighing the evidence or whether it would have drawn different conclusions from the evidence presented. *Id.* All facts and inferences will be viewed by this Court in a light most favorable to the prevailing party before the Commission. *Ginther,* 150 Idaho at __, 244 P.3d at 1233.

**A. Whether there was substantial and competent evidence to support the Commission's conclusion that Rigoli was discharged for employment-related misconduct and, therefore, ineligible for unemployment benefits.**

Rigoli argues that the burden of proving misconduct by a preponderance of the evidence falls strictly on the employer, and that his employer failed to present any evidence to confirm that its assistant manager's testimony contradicted Rigoli's. The Department of Labor argues that the Commission's finding that Rigoli was discharged for employment-related misconduct was supported by substantial and competent evidence.

An individual may not qualify for unemployment benefits where the reason for unemployment is "due to the fact . . . that he was discharged for misconduct in connection with his employment." I.C. § 72-1366(5); *Mussman v. Kootenai Cnty.,* 150 Idaho 68, __, 244 P.3d 212, 216 (2010). Misconduct as used in Idaho Code §72-1366(5) that is related to employment can fall under one of three categories: (1) a disregard of the employer's interest, (2) a violation of reasonable employer rules, and (3) a disregard of the employer's expected standard of behavior. IDAPA 09.01.30.275.02; *Quinn v. J.R. Simplot Co.*, 131 Idaho 318, 321, 955 P.2d 1097, 1100 (1998). In this case, the disqualifying misconduct falls under the third category, a disregard of the standards of behavior. The finding of this type of misconduct does not require

willful, intentional, or deliberate conduct. IDAPA 09.01.30.275.02(c); *Ginther,* 150 Idaho at __, 244 P.3d at 1234. Standard of behavior cases follow a two-pronged test, finding first whether the individual claiming unemployment benefits was discharged for conduct that fell below "the standard of behavior expected by the employer." IDAPA 09.01.30.275.02(c)(i); *Desilet v. Glass Doctor,* 142 Idaho 655, 657–58, 132 P.3d 412, 414–15 (2006). Next, the Court finds if the employer's expectation of behavior was "objectively reasonable in the particular case." IDAPA 09.01.30.275.02(c)(i). "The employer's expectations must be communicated to the employee unless they flow naturally from the employment relationship." *Pimley,* 132 Idaho at 435, 974 P.2d at 81. The question of whether conduct is employment-related misconduct is a factual determination and the burden rests upon the employer. *Ginther,* 150 Idaho at __, 244 P.3d at 1234.

Here Rigoli was discharged for the use of language that fell below the standard that was expected by his employer. As to whether these expectations are objectively reasonable, this Court found in *Pimley* that "an employer may reasonably expect that employees not use vulgar language in the presence of other employees and customers during business hours in a retail establishment, particularly where the vulgarities show disrespect for the employer and its management." 132 Idaho at 435, 974 P.2d at 81. Here, it was reasonable for Rigoli's employer, Wal-Mart, a retail establishment, to expect at the least that Rigoli would not use vulgar language that showed disrespect for the management in the presence of other employees. Additionally, Rigoli himself admitted that he used vulgar language and understood that "everyone in the store," including him, knew "you don't use foul language ever in the store." Rigoli argues that this Court should consider this particular occurrence as a "single outburst" or "single incident" of "nonserious disrespect" like the occurrence in *Avery v. B&B Rental Toilets,* 97 Idaho 611, 549 P.2d 270 (1976), found to not constitute misconduct. But as this Court in *Pimley* distinguished, the occurrence in *Avery* did not include the use of vulgar language. *Pimley,* 132 Idaho at 436, 974 P.2d at 82. Rigoli's use of vulgar language while speaking with an assistant manager may certainly in itself be regarded as misconduct.

This Court held in *Pimley* that vulgar and derogatory comments made about an employee's supervisor, in front of coworkers in a retail establishment where customers may have overheard the comments constituted employment related misconduct. 132 Idaho at 435–36, 974 P.2d at 81–82. The fact that Rigoli's use of foul language was found to also be in the presence of

4

other employees merits Wal-Mart's decision to discharge Rigoli for misconduct and evidences a situation more similar to the occurrence in *Pimley* than in *Avery.* Although the event of misconduct in this case occurred in a back room and not in the retail space, this Court finds that it is reasonable for an employer's expected standard of behavior to extend to the entire building and not just an area where customers may be present. The employer's standard of no vulgarity in its store obviously has to do with customer sensibilities, marketing goals, morale, and sensibilities of its other employees. To divide the "store" between the retail or public areas and those areas used for supporting activities to the customers and employees, would inhibit these business related goals. There is no reason to separate the areas of an establishment as argued by appellant.

Rigoli argues the finding that he may have used vulgar language in front of other employees cannot be upheld on appeal because it is not supported by substantial and competent evidence. "The burden of proving misconduct by a preponderance of the evidence falls strictly on the employer, and where the burden is not met, benefits must be awarded to the claimant." *Adams v. Aspen Water, Inc.*, 150 Idaho 408, __, 247 P.3d 635, 640 (2011) (quoting *Harris v. Elec. Wholesale*, 141 Idaho 1, 3, 105 P.3d 267, 269 (2004)). The Commission's Order stated that:

> Claimant testified that he might have used the term "b.s." and Mr. Laramie testified that Claimant continued with the foul language in front of other associates. Claimant's statement that he did not see anyone nearby is believable but does not discredit Mr. Laramie's assertion. Claimant may not have seen the associates which Mr. Laramie did see. Further, the Commission finds Mr. Laramie's assertions regarding the events more credible in light of the entire situation.

Rigoli argues that the Commission's finding regarding the presence of other employees is unreasonable because his former employer did not meet the burden of proving his misconduct, stating that Wal-Mart should have presented additional testimony from additional employees witnessing the exchange between him and Laramie. The evidence that Rigoli argues as necessary would be similar to that presented in *Pimley* where two employees testified to the derogatory comments made in that case. 132 Idaho at 435, 974 P.2d at 81. Here no additional testimony from the employer was relied on beyond Laramie's statements regarding the presence of other employees, but this does not automatically indicate that the burden was not met by the employer.

The task of weighing any conflicting evidence and determining the credit and weight of admitted testimony falls to the Commission and this Court will not overturn these findings unless they are clearly erroneous – the Court will consider relevant evidence to be substantial and competent if it is evidence that a "reasonable mind might accept to support a conclusion." *Fearn v. Snead,* 151 Idaho 295, __, 255 P.3d 1181, 1184 (2011); *Mussman v. Kootenai Cnty.,* 150 Idaho at __, 244 P.3d at 215. The fact that the Commission here found both accounts of the presence of other employees believable does not indicate that the employer has not met its burden. Whereas the parties' recollection of the event may both be believable, it is the reconciliation of the story upon a finding of credibility and weight of the evidence that is left to the Commission. Here the Commission found the employer's testimony to more clearly represent the entire scene surrounding the event. A reasonable mind could conclude from the testimony presented in the record that it is believable that Rigoli did not recognize anyone nearby when sharing his frustrations with the assistant manager. His testimony that he did not recognize any other employees in the vicinity is not necessarily contradictory to the testimony shared by Laramie; it could be simply explained by Rigoli's understandably narrow focus at the time. Obviously it is in the employer's best interest to put any corroborating evidence on the record. However, there was no evidence of the physical surroundings of where the conversation took place which would have helped both of the sides of this story. Therefore, this Court finds that the Commission had substantial and competent evidence to conclude that Wal-Mart met its burden to show that Rigoli had been discharged for misconduct for foul language used in the presence of management and other employees.

### III.    CONCLUSION

We find that there was substantial and competent evidence the Commission relied upon to conclude that Rigoli was discharged for employment-related misconduct, and, therefore, is ineligible for unemployment benefits. Costs to Department of Labor.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**